IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 17, 2003

## STATE OF TENNESSEE v. CARL EDWARD BELL

**Direct Appeal from the Criminal Court for Davidson County**
**No. 2002-A-606     Cheryl Blackburn, Judge**

—————————

**No. M2002-02503-CCA-R3-CD - Filed October 16, 2003**

—————————

In a plea agreement, the defendant pled guilty to the sale of under .5 grams of cocaine and agreed to a seven-year sentence. The manner of service of the sentence was to be determined at a sentencing hearing. The trial court ordered the defendant to serve the entire sentence in the Tennessee Department of Correction, because the defendant had not demonstrated the potential for rehabilitation or treatment. We find no error in the sentence and, therefore, affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which JERRY L. SMITH and ROBERT W. WEDEMEYER, JJ., joined.

Ross E. Alderman, District Public Defender, and William J. (Jay) Steed, III, Assistant Public Defender, for the appellant, Carl Edward Bell.

Paul G. Summers, Attorney General and Reporter; David H. Findley, Assistant Attorney General; Victor S. (Torry) Johnson, III, District Attorney General; and Bret T. Gunn, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

On March 25, 2002, the defendant, Carl Edward Bell, was indicted by the Davidson County Grand Jury for the possession of over .5 grams of cocaine (Schedule II) in a Drug Free School Zone, delivery of over .5 grams of cocaine (Schedule II) in a Drug Free School Zone, and the possession with intent to sell or deliver over .5 grams of cocaine (Schedule II) in a Drug Free School Zone. The defendant agreed to plead guilty to selling less than .5 grams of cocaine (with no Drug Free School Zone provision). The defendant agreed to be sentenced to seven years as a Range II, multiple offender with the manner of service to be determined at a sentencing hearing. The other charges were dismissed.

On September 6, 2002, the trial court ordered the defendant to serve the entire seven-year sentence in continuous confinement in the Tennessee Department of Correction and pay a fine of $2000. The defendant timely filed his notice of appeal. He contends on appeal that the trial court erred in ordering his sentence to be served in continuous confinement.

## Facts

At the hearing in which the defendant entered his guilty plea, the State submitted the following factual account of the events surrounding this case:

> [If the case] had gone to trial, the State's proof would be that on January the 14th of this year [2002], metro police officer, Mike Donelson, was working in an undercover capacity trying to buy drugs from street level dealers in the area of Sixteenth Avenue and Underwood. On that day he came into contact with Mr. Bell. Mr. Bell was on foot, and Officer Donelson pulled up to him and asked for a thirty, meaning thirty dollars worth of crack cocaine. Mr. Bell got into Officer Donelson's undercover vehicle and proceeded to sell him crack cocaine in exchange for the thirty dollars. And it did field test positive for cocaine base.

The defendant stated to the trial court that the factual account by the State was generally true. The defendant pled guilty to one count of the sale of under .5 grams of cocaine. In exchange for his guilty plea, he agreed to accept a seven-year sentence as a Range II, multiple offender. The manner of service of the sentence was to be determined at a sentencing hearing.

During the pre-sentence investigation, the defendant submitted the following statement contained in the pre-sentence report:

> I was selling cocaine. I did not sell regularly, but when approached by an undercover officer, I took the opportunity to sell. I had hoped to go purchase more cocaine for me from the sale. I have learned my lesson. I have had some success in controlling my addiction. I hope to learn how to stop using completely. Although I have served time in the past, I am now of an age where I want to stop living in the drug environment, and am willing to go to any leneths [sic] to correct my problem and make reparations to those I have hurt by it.

At the sentencing hearing, the defendant's younger brother, Bobby Bell, testified that the defendant could live with him if he were released on probation. He said that he and the defendant had also discussed the possibility of the defendant staying in a halfway house. He stated that the defendant was primarily a user of drugs and not a dealer. He said that he was aware of the defendant's criminal history, but he believed that the defendant was ready to change his life. He testified that he would not allow the defendant to stay with him if the defendant continued to use drugs.

Antwawn Bell, the owner of a mechanic shop, testified that the defendant had worked for him in the past as a mechanic. He stated that the defendant, a good mechanic, could work for him if he were released.

The defendant also testified at the sentencing hearing. He stated that he had only sold drugs on one previous occasion. He said that since he as getting older, he wanted to change his life. The pre-sentence report indicates that the defendant was forty years old at the time the offense was committed. An attendance sheet entered into evidence indicated that the defendant attended fourteen Narcotics Anonymous (NA) meetings since he had been in jail for the current offense. He stated that he would rather live in a halfway house than with his brother, but would live with his brother if necessary. The defendant further testified that he was willing to do whatever was ordered by the court. On cross-examination, the defendant clarified that he had only been *arrested* once before for selling drugs, although he had sold on other occasions.

After considering the evidence presented and the arguments of counsel, the trial court found that the defendant had not demonstrated the potential for rehabilitation or treatment and ordered him to serve his entire seven-year sentence in continuous confinement in the Tennessee Department of Correction.

**Analysis**

The defendant contends on appeal that he should have been placed on probation or granted alternative sentencing. Since the defendant was sentenced to seven years as a Range II multiple offender, he was eligible for probation but was not entitled to a presumption that he was a favorable candidate for alternative sentencing. Tenn. Code Ann. §§ 40-35-303(a), -102(6). The burden was on the defendant to show that he was a suitable candidate for probation. Id. § 40-35-303(b); State v. Goode, 956 S.W.2d 521, 527 (Tenn. Crim. App. 1997); State v Boggs, 932 S.W.2d 467, 477 (Tenn. Crim. App. 1996). To meet this burden, a defendant "must demonstrate that probation will 'subserve the ends of justice and the best interest of both the public and the defendant.'" State v. Bingham, 910 S.W.2d 448, 456 (Tenn. Crim. App. 1995) (quoting State v. Dykes, 803 S.W.2d 250, 259 (Tenn. Crim. App. 1990)).

This Court's review of the sentence imposed by the trial court is *de novo* with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d). This presumption is conditioned upon an affirmative showing in the record that the trial judge considered the sentencing principles and all relevant facts and circumstances. State v. Pettus, 986 S.W.2d 540, 543 (Tenn. 1999). If the trial court fails to comply with the statutory directives, there is no presumption of correctness and our review is *de novo*. State v. Poole, 945 S.W.2d 93, 96 (Tenn. 1997).

The burden is upon the appealing party to show that the sentence is improper. Tenn. Code Ann. § 40-35-401(d), Sentencing Commission Comments. In conducting our review, we are required, pursuant to Tennessee Code Annotated section 40-35-210, to consider the following factors in sentencing:

> (1) [t]he evidence, if any, received at the trial and the sentencing hearing; (2) [t]he presentence report; (3) [t]he principles of sentencing and arguments as to sentencing alternatives; (4) [t]he nature and characteristics of the criminal conduct involved; (5) [e]vidence and information offered by the parties on the enhancement

and mitigating factors in §§ 40-35-113 and 40-35-114; and (6) [a]ny statement the defendant wishes to make in the defendant's own behalf about sentencing.

In determining if incarceration is appropriate, a trial court may consider the need to protect society by restraining a defendant having a long history of criminal conduct, the need to avoid depreciating the seriousness of the offense, whether confinement is particularly appropriate to effectively deter others likely to commit similar offenses, and whether less restrictive measures have often or recently been unsuccessfully applied to the defendant. Tenn. Code Ann. § 40-35-103(1); see also State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). Additionally, a court should consider the defendant's potential or lack of potential for rehabilitation when determining if an alternative sentence would be appropriate. Tenn. Code Ann. § 40-35-103(5); Boston, 938 S.W.2d at 438.

There is no mathematical equation to be utilized in determining sentencing alternatives. Not only should the sentence fit the offense, but it should fit the offender as well. Tenn. Code Ann. § 40-35-103(2); State v. Batey, 35 S.W.3d 585, 588-89 (Tenn. Crim. App. 2000). Indeed, individualized punishment is the essence of alternative sentencing. State v. Dowdy, 894 S.W.2d 301, 305 (Tenn. Crim. App. 1994). In summary, sentencing must be determined on a case-by-case basis, tailoring each sentence to that particular defendant based upon the facts of that case and the circumstances of that defendant. State v. Moss, 727 S.W.2d 229, 235 (Tenn. 1986).

In making its judgment, the trial court relied heavily on the defendant's prior criminal record. The defendant has been convicted of driving on a revoked or suspended license thirteen times, attempted burglary, possession of narcotic equipment two times, assault two times, malicious mischief three times, shoplifting, fraud, and disorderly conduct. The defendant was convicted of selling cocaine approximately four years before the present offense. He was placed on community corrections for that offense. He violated the terms of community corrections, and his sentence was increased. The defendant has been placed on probation as least four other times for various offenses. His probation has been revoked more than once. In fact, the defendant was serving time for a parole violation when the guilty plea was entered for the current offense.

Based on the defendant's long history of criminal conduct and the failed efforts at rehabilitation in the past, we agree with the trial court's determination that the defendant has not demonstrated his potential for rehabilitation or treatment.

### Conclusion

Based on our review of the record and the parties' briefs, we affirm the judgment of the trial court ordering the defendant to serve his entire seven-year sentence in continuous confinement in the Tennessee Department of Correction.

_____
JOHN EVERETT WILLIAMS, JUDGE