IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

## STATE OF TENNESSEE, v. JEREMY M. BATEY.

**Direct Appeal from the Criminal Court for Davidson County**
**No. 96-B-874      J. Randall Wyatt, Judge**

---

### No. M1999-00245-CCA-R3-CD - Decided April 4, 2000

---

A Davidson County jury convicted the appellant, Jeremy M. Batey, of one count of reckless homicide, a Class D felony. The trial court sentenced the appellant as a Range I offender to three years incarceration in the local workhouse. On appeal the appellant contends that the trial court erred in denying him an alternative sentence solely on the basis that the crime involved a death. We hold that where the legislature has provided for alternative sentencing in certain homicide offenses, the denial of an alternative sentence solely on the basis of the victim's death is erroneous. However, in the instant case the circumstances of the offense, including illegal drug and alcohol use which contributed to the offense, and the appellant's history of alcohol and drug abuse, including the use of marijuana 2 ½ years after the offense and approximately four months prior to his trial justify the denial of alternative sentencing.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court of Davidson County is Affirmed**

SMITH, J., delivered the opinion of the court, in which WELLES, J, and WOODALL, J, joined.

Michael J. Flanagan, Dale M. Quillen, Nashville, Tennessee and William H. Ortwein, Chattanooga, Tennessee for appellant, Jeremy M. Batey.

Paul G. Summers, Attorney General and Reporter, Lucian D. Geise, Assistant Attorney General, Victor S. Johnson, District Attorney General, and Paul DeWitt, Assistant District Attorney for appellee, State of Tennessee.

## OPINION

### I.

To place the appellant's issue in the proper perspective, we will briefly state the facts as set out by the evidence presented at trial. On the evening of January 5, 1996, the appellant, Jeffrey

Spears, Brandon Weyer and Aaron Tackett gathered at a friend's apartment waiting for her to join them. While they waited, the young men, including the appellant, played cards and smoked marijuana and drank beer. The appellant had brought a handgun with him and, during the card game, he allowed his friends to handle the weapon. When Spears was inspecting the weapon, he removed the clip from the gun and noticed that the gun had a round in the chamber.

At some point during the game, for no apparent reason, the appellant stood up, pointed the handgun at Tackett, and pulled the trigger, shooting Tackett in the chest. Tackett died as a result of his wound.

At trial, the state presented several statements which the appellant had given to various law enforcement officers on the night of the shooting. The appellant gave somewhat differing versions of what occurred, but basically stated that he and the other young men had been playing cards when he pointed the gun at Tackett and shot him in the chest. The appellant told the officers either that he did not know that the gun was loaded, that he did not realize that the hammer was cocked or that the gun fired accidentally.

The jury found the appellant guilty of reckless homicide, a Class D felony. At the sentencing hearing, the appellant testified that he was nineteen (19) years old at the time this offense was committed. Since the shooting, he had obtained his GED and had maintained steady employment with a construction company for approximately two and one-half (2 ½) years. Additionally, he had undergone counseling for his depression as a result of this incident. However, the appellant admitted that he smoked marijuana in September 1998, approximately four months prior to his trial in this case.

Regarding the shooting itself, the appellant testified that he was unsure as to why he brought the weapon inside the apartment. He acknowledged that he had consumed alcohol and he and his friends had smoked marijuana prior to the shooting. He had allowed his friends to hold the gun because he did not believe that it was loaded. He testified that he had not intended to shoot his friend and that the incident was a "stupid mistake."

After considering the enhancement and mitigating factors applicable in this case, the trial court sentenced the appellant as a Range I offender to three (3) years. With regard to alternative sentencing, the trial court determined that, because the appellant's actions caused the death of another human being, incarceration was appropriate in order to avoid depreciating the seriousness of the offense. The trial court further ordered that the appellant serve his sentence in the local workhouse, so that the appellant could receive treatment for drug abuse.

From the trial court's imposition of sentence, the appellant now brings this appeal.

**II.**

This Court's review of the sentence imposed by the trial court is *de novo* with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d). This presumption is conditioned upon an affirmative showing in the record that the trial judge considered the sentencing principles and all relevant facts and circumstances. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). If the trial court fails to comply with the statutory directives, there is no presumption of correctness and our review is *de novo*. State v. Poole, 945 S.W.2d 93, 96 (Tenn. 1997).

The burden is upon the appealing party to show that the sentence is improper. Tenn. Code

Ann. § 40-35-401(d) Sentencing Commission Comments. In conducting our review, we are required, pursuant to Tenn. Code Ann. § 40-35-210, to consider the following factors in sentencing:

    (1) [t]he evidence, if any, received at the trial and the sentencing hearing;

    (2) [t]he presentence report;

    (3) [t]he principles of sentencing and arguments as to sentencing alternatives;

    (4) [t]he nature and characteristics of the criminal conduct involved;

    (5) [e]vidence and information offered by the parties on the enhancement and mitigating factors in §§ 40-35-113 and 40-35-114; and

    (6) [a]ny statement the defendant wishes to make in the defendant's own behalf about sentencing.

An especially mitigated or standard offender convicted of a Class C, D or E felony is presumed to be a favorable candidate for alternative sentencing in the absence of evidence to the contrary. Tenn. Code Ann. § 40-35-102(6). A trial court must presume that a defendant sentenced to eight years or less and who is not an offender for whom incarceration is a priority is subject to alternative sentencing. State v. Byrd, 861 S.W.2d 377, 379-80 (Tenn. Crim. App. 1993). It is further presumed that a sentence other than incarceration would result in successful rehabilitation unless rebutted by sufficient evidence in the record. Id. at 380.

Under the 1989 Sentencing Act, sentences which involve confinement are to be based on the

following considerations:

    (A) [c]onfinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;

    (B) [c]onfinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or

    (C) [m]easures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

Tenn. Code Ann. § 40-35-103(1); State v. Boston, 938 S.W.2d 435, 438 (Tenn. Crim. App. 1996). A trial court may consider the enhancement and mitigating factors set forth in Tenn. Code Ann. §§ 40-35-113, 40-35-114 as they are relevant to the § 40-35-103(1) considerations. State v. Boston, 938 S.W.2d at 438; State v. Zeolia, 928 S.W.2d 457, 461 (Tenn. Crim. App. 1996). The trial court should also consider the defendant's potential for rehabilitation when determining whether an alternative sentence would be appropriate. State v. Zeolia, 928 S.W.2d at 461.

In determining whether to grant or deny probation, a trial court should consider the circumstances of the offense, the defendant's criminal record, the defendant's social history and present condition, the need for deterrence, and the best interest of the defendant and the public. State v. Boyd, 925 S.W.2d 237, 244 (Tenn. Crim. App. 1995); State v. Black, 924 S.W.2d 912, 917 (Tenn. Crim. App. 1995). There is no mathematical equation to be utilized in determining sentencing alternatives. Not only should the sentence fit the offense, but it should fit the offender as well. Tenn. Code Ann. § 40-35-103(2); State v. Boggs, 932 S.W.2d 467, 476-77 (Tenn. Crim. App. 1996).

## III.

The appellant argues that the trial court erred in denying full probation or some other form of alternative sentencing.[1] He claims that he is statutorily entitled to the presumption of alternative sentencing and that the evidence in the record is insufficient to rebut that presumption. In addition, he alleges that the trial court erred in denying alternative sentencing solely on the basis that a death occurred.

We agree with the appellant that "the fact that the death of another results from the defendant's conduct does not, alone, make the offense sufficiently violent to justify a denial of probation nor can it be viewed as sufficient evidence to overcome the presumption in T.C.A. § 40-35-102(6)." State v. Butler, 880 S.W.2d 395, 400-01 (Tenn. Crim. App. 1994); *see also* State v. Bingham, 910 S.W.2d 448, 454-55 (Tenn. Crim. App. 1995). Additionally, a trial trial court may not deny probation based solely upon the circumstances surrounding the offense unless the offense, as committed, was "especially violent, horrifying, shocking, reprehensible, offensive, or otherwise of an excessive or exaggerated degree, and the nature of the offense must outweigh all factors favoring probation." State v. Hartley, 818 S.W.2d 370, 374-75 (Tenn. Crim. App. 1991) (citations omitted). The trial court denied probation in order to avoid depreciating the seriousness of the offense because the appellant's actions caused the death of another human being. While this Court appreciates the tragedy of the loss of a human life, a denial of probation solely on this basis for an offense the legislature has made subject to probation would be inappropriate under the 1989 Sentencing Act.

However, upon this Court's *de novo* review, we note that the appellant reported regular use of illegal drugs since he was in the third grade. This illegal drug use constitutes prior criminal behavior which is an appropriate consideration in determining whether to grant or deny probation. More significantly, the appellant testified at the sentencing hearing that he continued to use marijuana until September 1998, approximately 32 months after the shooting occurred, and only four months prior to his trial. By engaging in the same type of illegal activity which contributed to the appellant's poor judgment and, ultimately, the death of the victim, the appellant has exhibited a low potential for rehabilitation. The appellant's potential for rehabilitation is also a factor to be considered in determining whether alternative sentencing is appropriate. State v. Zeolia, 928 S.W.2d at 461.

---

[1] The appellant concedes that the length of his sentence was appropriate.

We recognize that there are many factors which weigh in the appellant's favor for probation.[2] However, after considering the circumstances of the offense, including the illegal use of drugs and alcohol, along with the appellant's poor potential for rehabilitation, as exhibited by his use of illegal drugs only four months prior to trial and over 2 ½ years following the shooting, we conclude that there is sufficient "evidence to the contrary" in the record to rebut the appellant's presumption of entitlement to an alternative sentencing.[3] The trial court did not err in denying alternative sentencing in this case.

## IV.

After reviewing the record in this case, we conclude that the trial court properly denied alternative sentencing. Accordingly, the judgment of the trial court is affirmed.

---

[2] The appellant was nineteen (19) years old at the time of the offense, he obtained his GED and maintained steady employment since the offense, he voluntarily received counseling, he had no prior record of criminal convictions, he assisted the authorities and he exhibited remorse over the shooting.

[3] Because the appellant was convicted of reckless homicide in violation of Tenn. Code Ann. § 39-13-215, he is ineligible for community corrections under Tenn. Code Ann. § 40-36-106(a)(2).