IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs October 29, 2002

## STATE OF TENNESSEE v. OLIVIA WILLIAMS

**Direct Appeal from the Circuit Court for Cocke County**
**No. 8422     Ben W. Hooper, II, Judge**

_____

**No. E2002-00687-CCA-R3-CD**
**November 22, 2002**
_____

The defendant pled guilty to one count of Class D felony theft over $10,000, received an agreed three-year sentence, and agreed to allow the trial court to determine the manner in which her sentence would be served. The trial court ordered the sentence to be served in incarceration. In this appeal, the defendant argues the trial court erred in denying alternative sentencing. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOE G. RILEY, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and ROBERT W. WEDEMEYER, J., joined.

Susanna L. Thomas, Newport, Tennessee, for the appellant, Olivia Williams.

Paul G. Summers, Attorney General and Reporter; Angele M. Gregory, Assistant Attorney General; Al C. Schmutzer, Jr., District Attorney General; and Ronald C. Newcomb, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On October 4, 2001, the defendant pled guilty to taking over $10,000 worth of furniture and other items from the home of the victim, her fiancé, in November 2000. As part of the plea agreement, she received a three-year sentence. The parties agreed the trial court would hold a sentencing hearing to determine the manner in which she would serve the sentence.

At the conclusion of the sentencing hearing, the trial court ordered the defendant incarcerated for the term of her sentence. The trial court found the defendant had made "constant misrepresentations" to the court and stated the defendant had "absolutely no credibility." The trial court also noted she failed to cooperate with the court during the pendency of her case and further failed to cooperate in the preparation of her presentence report.

The trial court further found the offense to be "terribly serious" because she used a relationship of trust to take advantage of the victim, which caused the victim great emotional distress. The lower court stated, "The deviousness of this whole situation . . . goes far beyond the acts of an ordinary criminal and thief." It found the defendant had "been in trouble before" and noted that none of the stolen property had been returned to the victim.

The trial court denied any form of alternative sentencing, and the defendant challenges this denial on appeal. We reject defendant's arguments.

## STANDARD OF REVIEW

This court's review of the sentence imposed by the trial court is *de novo* with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d). This presumption is conditioned upon an affirmative showing in the record that the trial judge considered the sentencing principles and all relevant facts and circumstances. State v. Pettus, 986 S.W.2d 540, 543 (Tenn. 1999). If the trial court fails to comply with the statutory directives, there is no presumption of correctness and our review is *de novo*. State v. Poole, 945 S.W.2d 93, 96 (Tenn. 1997).

The burden is upon the appealing party to show that the sentence is improper. Tenn. Code Ann. § 40-35-401(d) Sentencing Commission Comments. In conducting our review, we are required, pursuant to Tennessee Code Annotated section 40-35-210, to consider the following factors in sentencing:

> (1) [t]he evidence, if any, received at the trial and the sentencing hearing; (2) [t]he presentence report; (3) [t]he principles of sentencing and arguments as to sentencing alternatives; (4) [t]he nature and characteristics of the criminal conduct involved; (5) [e]vidence and information offered by the parties on the enhancement and mitigating factors in §§ 40-35-113 and 40-35-114; and (6) [a]ny statement the defendant wishes to make in the defendant's own behalf about sentencing.

Under the Criminal Sentencing Reform Act of 1989, trial judges are encouraged to use alternatives to incarceration. An especially mitigated or standard offender convicted of a Class C, D or E felony is presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary. Tenn. Code Ann. § 40-35-102(6).

In determining if incarceration is appropriate, a trial court may consider the need to protect society by restraining a defendant having a long history of criminal conduct, the need to avoid depreciating the seriousness of the offense, whether confinement is particularly appropriate to effectively deter others likely to commit similar offenses, and whether less restrictive measures have

often or recently been unsuccessfully applied to the defendant. Tenn. Code Ann. § 40-35-103(1); *see also* State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

A court may also consider the mitigating and enhancing factors set forth in Tennessee Code Annotated sections 40-35-113 and 114 as they are relevant to the section 40-35-103 considerations. Tenn. Code Ann. § 40-35-210(b)(5); State v. Boston, 938 S.W.2d 435, 438 (Tenn. Crim. App. 1996). Additionally, a court should consider the defendant's potential or lack of potential for rehabilitation when determining if an alternative sentence would be appropriate. Tenn. Code Ann. § 40-35-103(5); Boston, 938 S.W.2d at 438. The trial court may consider the defendant's untruthfulness and lack of candor as they relate to the potential for rehabilitation. State v. Nunley, 22 S.W.3d 282, 289 (Tenn. Crim. App. 1999).

There is no mathematical equation to be utilized in determining sentencing alternatives. Not only should the sentence fit the offense, but it should fit the offender as well. Tenn. Code Ann. § 40-35-103(2); State v. Batey, 35 S.W.3d 585, 588-89 (Tenn. Crim. App. 2000). Indeed, individualized punishment is the essence of alternative sentencing. State v. Dowdy, 894 S.W.2d 301, 305 (Tenn. Crim. App. 1994). In summary, sentencing must be determined on a case-by-case basis, tailoring each sentence to that particular defendant based upon the facts of that case and the circumstances of that defendant. State v. Moss, 727 S.W.2d 229, 235 (Tenn. 1986).

## ANALYSIS

In the instant case, the proof in the record shows the defendant was involved in a close relationship with the victim. Although the defendant denied she was engaged to the victim, she admitted she accepted an engagement ring from him and "went along with it" when he told others they were engaged. According to the victim's statements included in the presentence report, the defendant asked the victim to wait until 9:00 p.m. to return home on the date of the offense because she had a surprise for him. When he arrived home, he discovered his furniture, big screen television, and numerous other household items were missing. The victim's mother testified that virtually everything in the house was taken except the dining room table and four chairs.

The defendant testified at sentencing that she was at the victim's house when the theft occurred, but her live-in boyfriend, Shawn Meeks, actually committed the offense. The victim's mother testified she confronted the defendant about the theft; the defendant said she took the furniture to a relative's house and promised to return it. The proof indicated none of the stolen property was returned. At the plea hearing, the defendant's counsel said the items might be returned shortly. At sentencing, the defendant testified she tried to contact the man who purchased the stolen property, and she provided all the information she had about the location of the stolen property.

The victim, in his written statement, indicated he was "severely" depressed and in great emotional distress as a result of the offense. The victim's mother testified the victim was "absolutely

an emotional wreck," had to seek counseling, did not leave the house for three months following the offense, and was in a "deep, deep depression."

The record indicates the defendant made misstatements to the trial court regarding hiring an attorney. Further, the record shows the defendant failed to keep her appointment or make contact with the presentence investigator who was preparing her presentence report. The presentence report quoted the defendant as saying she received bad advice from a person whom the defendant declined to identify. The report also showed the defendant was convicted of misdemeanor theft in April 2001.

After a thorough review of the record, we conclude the trial court considered the appropriate sentencing principles and all relevant facts and circumstances. Therefore, our review of the sentence imposed will be *de novo* with a presumption that the trial court's determinations were correct. We conclude the state overcame the defendant's presumption of being a favorable candidate for alternative sentencing and further conclude the defendant has failed to meet her burden of showing her sentence was improper.

The evidence presented through the testimony of the witnesses at the sentencing hearing, including the defendant, and the information contained in the presentence report supported the trial court's finding that incarceration was necessary in order to avoid the depreciation of the seriousness of the offense. Further, the trial court's implicit consideration of enhancement factor (15), the defendant abused a position of private trust, *see* Tenn. Code Ann. § 40-35-114(15), was appropriate. Finally, the trial court properly considered the defendant's lack of potential for rehabilitation as demonstrated by her misrepresentations to the trial court, her total lack of credibility with the trial court, her failure to cooperate in the preparation of her presentence report, and her broken promises to restore the victim's property. Given the facts contained in the record, we cannot conclude the defendant's sentence is improper. In this regard, the trial court was in a much better position than this court to judge the defendant's credibility and rehabilitation prospects. We affirm the judgment of the trial court.

_____
JOE G. RILEY, JUDGE