# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs April 23, 2002

## STATE OF TENNESSEE v. SCOTT L. HAYCRAFT

**Direct Appeal from the Criminal Court for Sullivan County**
**No. S44,867      Phyllis H. Miller, Judge**

---

**No. E2001-02922-CCA-R3-CD**
**January 30, 2003**

---

The defendant pled guilty to violating a habitual traffic offender order and to a second offense of driving under the influence of an intoxicant. Pursuant to his plea agreement the defendant received a sentence of three years as a multiple offender for violating the habitual traffic offender order and eleven months and twenty-nine days for the second offense of driving under the influence.[1] The trial court ordered these sentences to run concurrently. At the conclusion of a subsequent sentencing hearing, the trial court denied the defendant's request for probation or any other form of alternative sentencing. Through the instant appeal the defendant challenges this denial. After reviewing the facts and relevant caselaw, we find the denial appropriate concerning the violation of the habitual traffic offender judgment and, therefore, affirm the trial court's determination in this regard. We also affirm the denial of alternative sentencing with respect to the defendant's second offense of driving under the influence. However, because of a conflict between the transcript of the sentencing hearing and the judgment, we remand this case for correction of the judgment.

**Tenn. R. App. P. 3; Judgment of the Criminal Court is Affirmed and Remanded.**

JERRY L. SMITH, J., delivered the opinion of the court, in which DAVID G. HAYES and THOMAS T. WOODALL, JJ., joined.

Leslie S. Hale, Blountville, Tennessee, for appellant, Scott L. Haycraft.

Paul G. Summers, Attorney General & Reporter; Elizabeth B. Marney, Assistant Attorney General; Greeley Wells, District Attorney General; and William B. Harper, III, Assistant District Attorney General, for appellee, State of Tennessee.

---

[1] Uncontested fines and/or restrictions also accompanied these pleas.

## OPINION

## Factual Background[2]

Prior to the trial court's acceptance of the plea, the prosecution essentially stated that on November 18, 2000, a Kingsport police officer had seen the defendant driving on a public road. Recognizing the defendant as an individual whose license had been revoked and who had been declared a habitual traffic offender, the officer stopped the defendant and found him to have red eyes along with an odor of alcohol about him. After the defendant performed poorly on field sobriety tasks, the officer placed the defendant under arrest. The result of a subsequent intoximeter test revealed the defendant's blood alcohol level to be .12. Furthermore, the prosecution indicated that on April 16, 1994, the defendant had been convicted of driving under the influence and on December 20, 1995, had been declared a habitual traffic offender.

## Denial of Alternative Sentencing

The defendant's sole issue in this case revolves around the trial court's refusal to grant him probation or any other form of alternative sentencing. "When reviewing sentencing issues . . . , the appellate court shall conduct a de novo review on the record of such issues. Such review shall be conducted with a presumption that the determinations made by the court from which the appeal is taken are correct." Tenn. Code Ann. § 40-35-401(d). "However, the presumption of correctness which accompanies the trial court's action is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). In conducting our review, we must consider a defendant's potential for rehabilitation, the trial and sentencing hearing evidence, the pre-sentence report, the sentencing principles, the sentencing alternative arguments, the nature and character of the offense, the enhancing and mitigating factors, and the individual defendant's statements. Tenn. Code Ann. §§ 40-35-103(5), -210(b); Ashby, 823 S.W.2d at 169. We are also to recognize that the defendant bears the burden of demonstrating that the sentence is improper. Ashby, 823 S.W.2d at 169.

Moreover, Tennessee Code Annotated section 40-35-103 subsection (1) provides that sentences involving confinement are to be

based on the following considerations:

(A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
(B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely

---

[2] Because the defendant does not contest the facts surrounding the offenses, we will only briefly address these here. Relevant factual matters from the sentencing hearing will be provided in the analysis of the defendant's issue before this Court.

to commit similar offenses; or

(C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

Tenn. Code Ann. §40-35-103(1); see State v. Batey, 35 S.W.3d 585, 588 (Tenn. Crim. App. 2000) (quoting same). Additionally, a trial court may consider the enhancement and mitigating factors set out in Tennessee Code Annotated sections 40-35-113 and -114, "as they are relevant to the [section] 40-35-103(1) considerations." Batey, 35 S.W.3d at 588; see State v. Zeolia, 928 S.W.2d 457, 461 (Tenn. Crim. App. 1996). The trial court should also consider the defendant's potential for rehabilitation when determining whether an alternative sentence would be appropriate. Tenn. Code Ann. § 40-35-103(5); Zeolia, 928 S.W.2d at 461. This Court has further indicated that "a trial court should consider the circumstances of the offense, the defendant's criminal record, the defendant's social history and present condition, the need for deterrence, and the best interest of both the defendant and the public" in determining whether to grant or deny probation. State v. Ring, 56 S.W.3d 577, 586 (Tenn. Crim. App. 2001); see State v. Black, 924 S.W.2d 912, 917 (Tenn. Crim. App. 1995). Finally, Tennessee Code Annotated section 40-35-102(6) states that under certain circumstances a defendant "who is an especially mitigated or standard offender convicted of a Class C, D or E felony is presumed to be a favorable candidate for alternative sentencing." Tenn. Code Ann. § 40-35-102(6).

Turning to the facts of the instant case, the trial court, by agreement, sentenced this defendant as a multiple offender. Thus, the trial court correctly found that the defendant is ineligible for the presumption of suitability for alternative sentencing. See Tenn. Code Ann. § 40-35-102(6).

As is required, the trial court made numerous additional findings. Among these were a few favorable to the defendant. For example, the court credited him with graduating from high school, no longer drinking alcohol, and possessing an honorable discharge from the military. Nevertheless, the trial court afforded the favorable findings little weight.

In contrast, the court made numerous findings detrimental to the defendant's request for alternative sentencing. For instance, the trial court determined that the defendant had an extremely poor social history; possessed criminal convictions beyond those necessary to establish the appropriate range of sentencing; had a previous history of unwillingness to comply with sentences involving release into the community; and had committed the felony at issue while on parole. Of these factors, the court indicated that it placed great weight on the defendant's extensive history of criminal convictions and prior unwillingness to comply with conditions of release. The court went on to find that the defendant's criminal history evidenced a clear disregard for the laws and morals of society; that there had a been a failure at past efforts to rehabilitate him; that service of the sentence was necessary to deter the defendant and others similarly situated; that confinement is necessary for the protection of society in view of the defendant's "long history of criminal conduct"; etc.

After reviewing the record, we readily hold that the trial court's denial of alternative sentencing with respect to the habitual motor vehicle offense was appropriate. Although not cited by either the defense or the State in their respective briefs, this Court notes that Tennessee Code

Annotated Section 55-10-606(c) deprives courts of the power to suspend sentences for violating an habitual motor vehicle offender order unless the act of driving while the order is in effect is necessitated by an emergency. There is not proof that this is the situation in the instant case.

With regard to the D.U.I. sentence it appears that during the years spanning 1984 to 2001, the defendant amassed in excess of fifty convictions, including driving on a revoked license, passing worthless checks, assault, arson, burglary, and robbery. These greatly exceed the convictions necessary to support his Range II sentence. See Tenn. Code Ann. § 40-35-106, -107, -108 (1997); Tenn. Code Ann. § 40-35-114(1) (Supp. 2001).[3] Furthermore, the record reflects that the defendant's parole has been revoked on multiple occasions thereby evincing the defendant's failures "to comply with the conditions of a sentence involving release in the community." See Tenn. Code Ann. § 40-35-114(8) (Supp. 2001). In fact, the defendant committed the instant offense while on parole. See Tenn. Code Ann. § 40-35-114(13)(B). This proof amply supports the conclusion that "[c]onfinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct" and that "[m]easures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant." See Tenn. Code Ann. § 40-35-103(1)(A), (C).

While not challenging these findings, the defendant argues that the trial court did not "properly consider the favorable aspects of the defendant's present condition at the time of the sentencing hearing and" his efforts to rehabilitate himself. From our review we find that the trial court did consider the defendant's condition at the time of sentencing. The weight to be afforded any particular mitigating factor is left to the discretion of the trial court. State v. Kelley, 34 S.W.3d 471, 483 (Tenn. Crim. App. 2000). We find no abuse of discretion in the weight afforded by the trial judge to the favorable information provided by the defendant. This issue is without merit.

### D.U.I. Judgment

At the end of the defendant's argument regarding sentencing on the habitual motor vehicle offense, he contends that the trial court erred in sentencing him to incarceration for the full sentence on his second conviction for the offense of driving under the influence conviction. In announcing the defendant's sentence, the trial court stated as follows:

> [Y]ou're ordered to serve your sentence [on the violation of the habitual traffic offender order] at three (3) years, Range II multiple offender in the Tennessee Department of Corrections. You're ordered to serve the concurrent sentence of eleven (11) months, twenty-nine (29) days in the Sullivan County Jail. Now, I don't know which sentence will swallow up the other one. (Emphasis added.)

The judgment form indicates that the defendant is sentenced to eleven months and twenty-nine days; however, the section following "Period of Incarceration to be Served Prior to Release on Probation"

---

[3] A 2002 amendment to this statute added a new (1) enhancement factor, renumbering the already existing factors (1) through (22) as (2) through (23). See Tenn. Code Ann. § 40-35-114 "Amendments." For the purposes of this opinion, we will use the previous designations applicable at the time of sentencing.

has been completed with "45" days, and the judgment further states that "45 DAYS MUST BE SERVED CONSECUTIVELY DAY FOR DAY." Both the trial judge and the prosecutor signed this judgment. We further observe that neither the guilty plea form nor the transcript of the plea proceeding alleviates the confusion on this matter, and we note that the State does not address the problem within its brief.

When there is a conflict between the transcript of evidence and the judgment or court minutes the transcript controls. State v. Moore, 814 S.W.2d 381, 383 (Tenn. Crim. App. 1991). As noted, the trial judge's comments in the transcript of the sentencing hearing appear to sentence the defendant to full service of an eleven-month, twenty-nine-day sentence for second offense D.U.I. Indeed, from his brief this appears to be the defendant's understanding of his sentence. For the reasons, noted earlier this Court finds that full service of an eleven-month, twenty-nine-day sentence is amply supported by this record and the trial judge's action in ordering such is affirmed. However, because of the conflict between the judgment and the transcript, we remand this case to the trial court for correction of the judgment as may be appropriate. Id.; Tenn. R. Crim. P. 36.

## **Conclusion**

In light of the foregoing the judgment of the trial court is affirmed and the case remanded for further proceedings in accordance with this opinion.

_____
JERRY L. SMITH, JUDGE