# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs August 19, 2003

## STATE OF TENNESSEE v. TORRANCE MAURICE KNIGHT

**Direct Appeal from the Criminal Court for Hamilton County**
**Nos. 241201, 241169, 241385     Douglas A. Meyer, Judge**

---

### No. E2003-00079-CCA-R3-CD
### November 19, 2003

---

The defendant pled guilty to three counts of aggravated assault, two counts of solicitation of a minor, four counts of indecent exposure, and possession of a dangerous weapon. He agreed to an effective five-year sentence, with the manner of service to be determined by the trial court. The defendant contends that the trial court erred in denying him an alternative sentence. We affirm the judgments of the trial court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and ALAN E. GLENN, JJ., joined.

David R. Barrow, Chattanooga, Tennessee, for the appellant, Torrance Maurice Knight.

Paul G. Summers, Attorney General and Reporter; Renee W. Turner, Assistant Attorney General; Randall Eugene Nichols, District Attorney General; and Lila Statom, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The defendant, Torrance Maurice Knight, pled guilty to three counts of aggravated assault (Class C felonies), two counts of solicitation of a minor (Class E felonies), four counts of indecent exposure (Class A misdemeanors), and possession of a dangerous weapon (Class C misdemeanor).[1]

---

[1] The record on appeal contains indictment numbers 241169 (two counts solicitation of a minor and indecent exposure), 241201 (two counts aggravated assault, indecent exposure, and reckless endangerment), and 241385 (aggravated assault and assault). The pre-sentence report and the guilty plea petition include indictment numbers 241202 (two counts indecent exposure), 241203 (indecent exposure), and 241384 (possession of a dangerous weapon) in addition to those indictments actually contained in the record. Any judgments entered for those indictments are not contained in the record. Apparently indictment numbers 241384 and 241385 were transposed by the defense counsel on the guilty

(continued...)

The defendant agreed to an effective sentence of five years, with the manner of service of sentence to be determined at a sentencing hearing. The trial court denied the defendant any form of alternative sentencing and ordered the defendant to serve his five-year sentence in the Tennessee Department of Correction. This appeal timely followed. The defendant contends on appeal that the trial court erred in denying him alternative sentencing. We affirm the judgments of the trial court.

**Facts**

The following factual background is taken from the pre-sentence report introduced at the sentencing hearing.[2]

> On Tuesday, 03-12-02, 11 yr. old [E. W.] and 12 yr. old [K. L.] were walking in the 4900 block of Jeffrey Lane in Emma Wheeler Housing Development. [E. W.] observed [the defendant] walking towards them with no pants on exposing himself. [E. W.] advised that the party only had on a jacket with a shirt underneath. He was acting as if he was talking on the phone. The [defendant] began following them. [E. W.] and [K. L.] ran from him. [E. W.] told his 17 yr. old brother, [Q. M.] about [the defendant]. When [Q. M.] approached [the defendant], an altercation ensued. The suspect went to his car, an 80's model white Cadillac with a green top, to retrieve a gun. Several children saw a silver hand gun. [The defendant] then pointed the weapon at several children in the area. He then got back into his car and began chasing the children. [K. L.] ran for cover hiding behind a trash can. [E. W.] ran and advised that shots were fired at [Q. M.].
>
> In January 2002 12 yr. old [K. H.] and her friend [S.] were walking in the 4900 block of Jeffrey Lane in the Emma Wheeler Housing Development. [The defendant] began walking with them. He then asked them if they knew about a man that sells drugs. The two girls advised him no. [The defendant] then walked to nearby bushes and pulled his pants down past his knees and exposed himself. The girls then turned around quickly and walked home.
>
> [K. H.] advised that this was not the first time [the defendant] has been in the area. She advised that he drives a white Cadillac with a green top. He drives by children in the neighborhood masturbating in his vehicle.
>
> In the early weeks of March 2002, 13 yr. old [E. H.] and her friend [J. R.], 13 yrs. old, and [D. S.], 13 yrs. old were sitting on the front porch at 2905 3rd Avenue when

---

[1](...continued)
plea petition and by the trial court on acceptance of the plea. The trial court adjudged the defendant guilty of possession of a dangerous weapon under indictment number 241385, while the judgment indicates aggravated assault under the same indictment number. The judgments contained in the record do indicate that the total sentence to be served is five years, which is correct.

[2] This Court refers to the victims and witnesses who are minors by initials only.

they noticed a white Cadillac with a green top slowly driving by the house and circling the block. The vehicle then drove off. Later on in the evening when it was dark, [E. H.] and [J. R.] walked [D. S.] home, 2746 4th Avenue. They then saw the white Cadillac parked on 4th Avenue. [The defendant stepped] out of the vehicle wearing what appeared to be pajama pants. His penis was in his hand and he was masturbating. The girls ran inside [D. S.]'s residence and [the defendant] drove off.

In the early weeks of March 2002, [M. F.] and her friend [T. D.] were walking home for the bus stop at 3300 12th Avenue. They were then approached by [the defendant] driving a white Cadillac with a green top. [He] drove up to the girls close enough so they could observe him masturbating. He then asked them if they wanted to make any money. Both girls advised him no and ran. [The defendant] followed behind them. Both ran home and advised their parents.

[The defendant] was stopped at 1103 Rockway Dr. for a broken right tail light and an investigation was administered on the driver and vehicle. While talking to the defendant a pistol could be seen in the front driver[']s seat floor board, directly under the driver. The defendant said he had purchased the .380 from a friend. He was arrested and transported to 601 Walnut St.

On Tuesday 03-12-2002 [ ]Officer Sutton was approached by two Franklin Middle School students who advised [him] that on 03-11-02, [the defendant] driving a white Cadillac with a green rag top approached them and some other friends. The suspect was involved in an argument with two parties from the group. The suspect then went to his car and retrieved his gun. The group ran from the suspect. [O]ne child, [A. M.] said the suspect pointed the gun directly at her and then continued to look for the rest of the group. A second child, [K. T.] ran when she saw him go to the car. [K. T.] said the suspect got in his car and began to chase them through Emma Wheeler Home. Both [K. T.] and [A. M.] made it home before he was able to find them. The girls stated that they'd seen the suspect several times before driving and walking through the neighborhood. Both students id'd (sic) the suspect from a photo and described the suspect's handgun as a large silver gun.

## Analysis

The defendant contends on appeal that the trial court erred in denying him alternative sentencing. This Court's review of the sentence imposed by the trial court is *de novo* with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d). This presumption is conditioned upon an affirmative showing in the record that the trial judge considered the sentencing principles and all relevant facts and circumstances. State v. Pettus, 986 S.W.2d 540, 543 (Tenn. 1999). If the trial court fails to comply with the statutory directives, there is no presumption of correctness and our review is *de novo*. State v. Poole, 945 S.W.2d 93, 96 (Tenn. 1997).

The record does not affirmatively show that the trial court considered the appropriate sentencing principles and all relevant facts and circumstances. The only finding made by the trial court was that the "[defendant] is a threat to the safety of the public." Therefore, our review of the sentence is *de novo* without the presumption of correctness.

The burden is upon the appealing party to show that the sentence is improper. Tenn. Code Ann. § 40-35-401(d), Sentencing Commission Comments. In conducting our review, we are required, pursuant to Tennessee Code Annotated section 40-35-210, to consider the following factors in sentencing:

> (1) [t]he evidence, if any, received at the trial and the sentencing hearing; (2) [t]he presentence report; (3) [t]he principles of sentencing and arguments as to sentencing alternatives; (4) [t]he nature and characteristics of the criminal conduct involved; (5) [e]vidence and information offered by the parties on the enhancement and mitigating factors in §§ 40-35-113 and 40-35-114; and (6) [a]ny statement the defendant wishes to make in the defendant's own behalf about sentencing.

Under the Criminal Sentencing Reform Act of 1989, trial judges are encouraged to use alternatives to incarceration. An especially mitigated or standard offender convicted of a Class C, D, or E felony is presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary. Tenn. Code Ann. § 40-35-102(6). With certain statutory exceptions, probation must be automatically considered by the trial court if the sentence imposed is eight years or less. Tenn. Code Ann. § 40-35-303 (a), (b).

In determining if incarceration is appropriate, a trial court should consider the need to protect society by restraining a defendant having a long history of criminal conduct, the need to avoid depreciating the seriousness of the offense, whether confinement is particularly appropriate to effectively deter others likely to commit similar offenses, and whether less restrictive measures have often or recently been unsuccessfully applied to the defendant. Tenn. Code Ann. § 40-35-103(1); see also State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

A court may also consider the mitigating and enhancement factors set forth in Tennessee Code Annotated sections 40-35-113 and -114 as they are relevant to the section 40-35-103 considerations. Tenn. Code Ann. § 40-35-210(b)(5); State v. Boston, 938 S.W.2d 435, 438 (Tenn. Crim. App. 1996). Additionally, a court should consider the defendant's potential or lack of potential for rehabilitation when determining if an alternative sentence would be appropriate. Tenn. Code Ann. § 40-35-103(5); Boston, 938 S.W.2d at 438.

There is no mathematical equation to be utilized in determining sentencing alternatives. Not only should the sentence fit the offense, but it should fit the offender as well. Tenn. Code Ann. § 40-35-103(2); State v. Batey, 35 S.W.3d 585, 588-89 (Tenn. Crim. App. 2000). Indeed, individualized punishment is the essence of alternative sentencing. State v. Dowdy, 894 S.W.2d 301, 305 (Tenn. Crim. App. 1994). In summary, sentencing must be determined on a case-by-case

basis, tailoring each sentence to that particular defendant based upon the facts of that case and the circumstances of that defendant. State v. Moss, 727 S.W.2d 229, 235 (Tenn. 1986).

The defendant pled guilty as a Range I standard offender to nothing higher than Class C felonies. Therefore, he is considered to be a favorable candidate for alternative sentencing. Additionally, because his sentence is eight years or less, he must be automatically considered for probation. The trial court denied the defendant any form of alternative sentence. The trial court found that incarceration is appropriate because "[the defendant] is a threat to the safety of the public." We agree with the trial court.

The pre-sentence report reflects that the defendant was twenty-seven years old, unmarried, and had fathered one child. The report indicates that the defendant completed high school and has an above average employment history. However, there is an unaccounted for gap in his employment history. The defendant admits to using marijuana and the drug ecstacy on occasion. He stated that he was under the influence of marijuana at the time these offenses were committed. The defendant has prior convictions for cocaine possession and assault. The defendant had not been off probation very long when these offenses were committed. The defendant's conduct threatened numerous victims, and a deadly weapon was involved. His conduct involving his exposure and the ages of his victims make this conduct abhorrent and reprehensible. The defendant is an obvious threat to society considering the circumstances and the nature of the offenses committed. Denial of any form of alternative sentence is appropriate in this case.

## Conclusion

Based on the foregoing reasons and the record as a whole, the judgments of the trial court are affirmed.

_____
JOHN EVERETT WILLIAMS, JUDGE