# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### October 7, 2003 Session

## STATE OF TENNESSEE v. ALVETO MARTEL HIGGINS

**Direct Appeal from the Circuit Court for Hardin County**
**No. 8131     C. Creed McGinley, Judge**

---

**No. W2002-02498-CCA-R3-CD  - Filed December 31, 2003**

---

The defendant entered open guilty pleas to three counts of the sale of less than 0.5 grams of cocaine, possession of over 0.5 grams of cocaine with intent to sell or deliver, simple possession of marijuana, and driving on a revoked license. The trial court gave the defendant an effective sentence of nine years to be served in the Tennessee Department of Correction. The defendant contends that the trial court erred in denying him alternative sentencing. The judgments of the trial court are affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and NORMA MCGEE OGLE, JJ., joined.

Chadwick G. Hunt, Savannah, Tennessee, for the appellant, Alveto Martel Higgins.

Paul G. Summers, Attorney General and Reporter; Kathy D. Aslinger, Assistant Attorney General; G. Robert Radford, District Attorney General; John W. Overton, Chief Deputy District Attorney General, for the appellee, State of Tennessee.

## OPINION

The defendant, Alveto Martel Higgins, was indicted for three counts of selling less than 0.5 grams of cocaine, a Schedule II controlled substance (Class C felony); three counts of delivery of less than 0.5 grams of cocaine (Class C felony); one count of possession of more than 0.5 grams of cocaine with intent to manufacture, deliver, or sell (Class B felony); one count of simple possession of marijuana, a Schedule VI controlled substance (Class A misdemeanor); and one count of driving on a revoked, cancelled, or suspended license (Class B misdemeanor). The three counts of delivery of cocaine were dismissed, and the defendant entered open guilty pleas to all of the other charges. Following a sentencing hearing, the trial court sentenced the defendant to fours years for each conviction of selling less than 0.5 grams of cocaine; nine years for the conviction of possessing over 0.5 grams of cocaine with intent to sell or deliver; eleven months and twenty-nine days for the

conviction for simple possession of marijuana; and thirty days for driving on a revoked license. All sentences were ordered to be served concurrently, for an effective sentence of nine years. The defendant timely appealed, contending that the trial court erred in denying alternative sentencing. The judgments of the trial court are affirmed.

## Facts

The arrest warrants for the defendant reveal that the defendant sold crack cocaine to a confidential informant twice on November 13, 2000, and once on November 20, 2000. On January 10, 2001, the defendant was stopped and arrested for driving on a revoked license. A subsequent search uncovered one bag of marijuana on his person, another bag of marijuana in the vehicle, and a bag of cocaine weighing over six grams in the vehicle.

## Analysis

The defendant contends on appeal that the trial court erred in denying him any form of alternative sentencing. This Court's review of the sentence imposed by the trial court is *de novo* with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d). This presumption is conditioned upon an affirmative showing in the record that the trial judge considered the sentencing principles and all relevant facts and circumstances. State v. Pettus, 986 S.W.2d 540, 543 (Tenn. 1999). If the trial court fails to comply with the statutory directives, there is no presumption of correctness and our review is *de novo*. State v. Poole, 945 S.W.2d 93, 96 (Tenn. 1997).

The burden is upon the appealing party to show that the sentence is improper. Tenn. Code Ann. § 40-35-401(d), Sentencing Commission Comments. In conducting our review, we are required, pursuant to Tennessee Code Annotated section 40-35-210, to consider the following factors in sentencing:

> (1) [t]he evidence, if any, received at the trial and the sentencing hearing; (2) [t]he presentence report; (3) [t]he principles of sentencing and arguments as to sentencing alternatives; (4) [t]he nature and characteristics of the criminal conduct involved; (5) [e]vidence and information offered by the parties on the enhancement and mitigating factors in §§ 40-35-113 and 40-35-114; and (6) [a]ny statement the defendant wishes to make in the defendant's own behalf about sentencing.

In determining if incarceration is appropriate, a trial court should consider the need to protect society by restraining a defendant having a long history of criminal conduct, the need to avoid depreciating the seriousness of the offense, whether confinement is particularly appropriate to effectively deter others likely to commit similar offenses, and whether less restrictive measures have often or recently been unsuccessfully applied to the defendant. Tenn. Code Ann. § 40-35-103(1); see also State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

A court may also consider the mitigating and enhancing factors set forth in Tennessee Code Annotated sections 40-35-113 and 114 as they are relevant to the section 40-35-103 considerations.

Tenn. Code Ann. § 40-35-210(b)(5); State v. Boston, 938 S.W.2d 435, 438 (Tenn. Crim. App. 1996). Additionally, a court should consider the defendant's potential or lack of potential for rehabilitation when determining if an alternative sentence would be appropriate. Tenn. Code Ann. § 40-35-103(5); Boston, 938 S.W.2d at 438.

Under the Criminal Sentencing Reform Act of 1989, trial judges are encouraged to use alternatives to incarceration. An especially mitigated or standard offender convicted of a Class C, D, or E felony is presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary. Tenn. Code Ann. § 40-35-102(6). A defendant sentenced to eight years or less, with certain exceptions, is eligible for probation. Tenn. Code Ann. § 40-35-303(a).

There is no mathematical equation to be utilized in determining sentencing alternatives. Not only should the sentence fit the offense, but it should fit the offender as well. Tenn. Code Ann. § 40-35-103(2); State v. Batey, 35 S.W.3d 585, 588-89 (Tenn. Crim. App. 2000). Indeed, individualized punishment is the essence of alternative sentencing. State v. Dowdy, 894 S.W.2d 301, 305 (Tenn. Crim. App. 1994). In summary, sentencing must be determined on a case-by-case basis, tailoring each sentence to that particular defendant based upon the facts of that case and the circumstances of that defendant. State v. Moss, 727 S.W.2d 229, 235 (Tenn. 1986).

It is apparent from the record that the trial court considered the appropriate sentencing principles and all relevant facts and circumstances. Therefore, our review is *de novo* with a presumption of correctness. The trial court ordered the defendant's sentence to be served in the Tennessee Department of Correction. The defendant concedes that he is not entitled to the presumption that he is a favorable candidate for alternative sentencing, because he was convicted of a Class B felony. Additionally, the defendant was sentenced to more than eight years, so he is not eligible for probation. The trial court properly found that the defendant had a history of criminal convictions or criminal behavior in addition to those necessary to establish the range. Tenn. Code Ann. § 40-35-114(2). The presentence report indicates that the defendant has a prior conviction for assault. He also stated that he used "weed all the time" and used cocaine on a couple of occasions. The trial court properly found that there were no applicable mitigating factors. See id. § 40-35-113. The trial court increased each felony sentence for the felonies based on the enhancement factor by one year over the minimum. The weight given to each enhancement or mitigating factor is in the discretion of the trial court. State v. Madden, 99 S.W.3d 127, 138 (Tenn. Crim. App. 2002). The record supports the trial court's denial of alternative sentencing. This argument is without merit.

**Conclusion**

Based on the foregoing and the record as a whole, the judgments of the trial court are affirmed.

_____
JOHN EVERETT WILLIAMS, JUDGE