# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs February 1, 2005

## STATE OF TENNESSEE v. BRANDON S. MOORE

**Direct Appeal from the Criminal Court for Sumner County**
**No. 370-2000     Jane Wheatcraft, Judge**

_____

**No. M2004-01731-CCA-R3-CD - Filed March 17, 2005**

_____

The defendant appeals the sentence he received after a violation and revocation of his community corrections sentence. On appeal, the defendant contends that the sentence issued was illegal. Following our review, we affirm the sentence imposed by the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which ALAN E. GLENN and ROBERT W. WEDEMEYER, JJ., joined.

Brandon S. Moore, Henning, Tennessee, *Pro Se*.

Paul G. Summers, Attorney General and Reporter; Richard H. Dunavant, Assistant Attorney General; Lawrence Ray Whitley, District Attorney General; and Sallie W. Brown, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Facts and Procedural History

The defendant, Brandon S. Moore, was indicted on two counts of aggravated robbery (a Class B felony) and one count of aggravated assault (a Class C felony). Pursuant to a plea agreement, the defendant pled guilty to two counts of the lesser included offense of facilitation of aggravated robbery (a Class C felony) and one count of aggravated assault. On November 14, 2000, the defendant was sentenced as a Range I, standard offender to five years on each facilitation charge and three years for aggravated assault. The sentences for facilitation were ordered to be served concurrently, and the aggravated assault sentence ran consecutively, for an effective sentence of eight

years. The defendant was further ordered to serve the first year of the sentence "day-for-day," with the remainder to be served on community corrections.[1]

Thereafter, the defendant was found to have violated the terms of community corrections. A hearing was held on September 17, 2001, regarding the violation, and the defendant was released to time served and was returned to community corrections. Following a second violation of community corrections in November 2001,[2] the defendant was resentenced, pursuant to the Tennessee Community Corrections Act of 1985, to six years on each facilitation charge and four years on the aggravated assault charge. The two facilitation charges were again ordered to be served concurrently, while the aggravated assault charge was run consecutively, for a total effective sentence of ten years. The resentencing order was entered on December 18, 2001.

On March 8, 2004, the defendant filed a *pro se* motion to withdraw his guilty plea, claiming that the trial court violated the terms of the original plea agreement and that the court did not have jurisdiction to issue sentences greater than those originally imposed. The motion was summarily denied by the trial court three days later. On May 11, 2004, the defendant filed a "motion for status of the case," to which the trial court filed an order in reply. In that order, the court recited the action taken on the case and reiterated that the defendant's motion to withdraw his plea was "not only without merit but time-barred as well." The defendant filed a notice of appeal on July 6, 2004. On appeal, the defendant argues that the sentences issued in December 2001 were illegal because:

1) the court was without jurisdiction or authority to issue the sentences from the beginning because Tennessee law prohibits consecutive sentences of community corrections and/or probation for a defendant convicted of a felony while on probation;

2) the court errantly sentenced the defendant to greater sentences than those originally imposed; and

3) the court imposed the sentences, which were not a part of the original plea agreement, without the consent of the defendant.

Analysis

This court's review of the sentence imposed by the trial court is *de novo* with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d). This presumption is conditioned upon an affirmative showing in the record that the trial judge considered the sentencing principles and all relevant facts and circumstances. State v. Pettus, 986 S.W.2d 540, 543 (Tenn. 1999). If the trial court fails to comply with the statutory directives, there is no presumption of correctness and our review is *de novo*. State v. Poole, 945 S.W.2d 93, 96 (Tenn. 1997).

The burden is upon the appealing party to show that the sentence is improper. Tenn. Code Ann. § 40-35-401(d), Sentencing Commission Comments. In conducting our review, we are

---

[1] The propriety of sentencing the defendant to community corrections in light of the nature of the offenses is not an issue before this Court on appeal.

[2] The record indicates that the defendant pled guilty to the second violation.

required, pursuant to Tennessee Code Annotated section 40-35-210, to consider the following factors in sentencing:

> (1) [t]he evidence, if any, received at the trial and the sentencing hearing; (2) [t]he presentence report; (3) [t]he principles of sentencing and arguments as to sentencing alternatives; (4) [t]he nature and characteristics of the criminal conduct involved; (5) [e]vidence and information offered by the parties on the enhancement and mitigating factors in §§ 40-35-113 and 40-35-114; and (6) [a]ny statement the defendant wishes to make in the defendant's own behalf about sentencing.

Under the Criminal Sentencing Reform Act of 1989, trial judges are encouraged to use alternatives to incarceration. An especially mitigated or standard offender convicted of a Class C, D, or E felony is presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary. Tenn. Code Ann. § 40-35-102(6).

In determining if incarceration is appropriate, a trial court may consider the need to protect society by restraining a defendant having a long history of criminal conduct, the need to avoid depreciating the seriousness of the offense, whether confinement is particularly appropriate to effectively deter others likely to commit similar offenses, and whether less restrictive measures have often or recently been unsuccessfully applied to the defendant. Tenn. Code Ann. § 40-35-103(1); see also State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

A court may also consider the mitigating and enhancing factors set forth in Tennessee Code Annotated sections 40-35-113 and -114 as they are relevant to the section 40-35-103 considerations. Tenn. Code Ann. § 40-35-210(b)(5); State v. Boston, 938 S.W.2d 435, 438 (Tenn. Crim. App. 1996). Additionally, a court should consider the defendant's potential or lack of potential for rehabilitation when determining if an alternative sentence would be appropriate. Tenn. Code Ann. § 40-35-103(5); Boston, 938 S.W.2d at 438.

There is no mathematical equation to be utilized in determining sentencing alternatives. Not only should the sentence fit the offense, but it should fit the offender as well. Tenn. Code Ann. § 40-35-103(2); State v. Batey, 35 S.W.3d 585, 588-89 (Tenn. Crim. App. 2000). Indeed, individualized punishment is the essence of alternative sentencing. State v. Dowdy, 894 S.W.2d 301, 305 (Tenn. Crim. App. 1994). In summary, sentencing must be determined on a case-by-case basis, tailoring each sentence to that particular defendant based upon the facts of that case and the circumstances of that defendant. State v. Moss, 727 S.W.2d 229, 235 (Tenn. 1986).

The defendant initially contends that the trial court was without jurisdiction or authority to issue consecutive community corrections sentences because he was convicted of a felony while on probation. However, the defendant fails to cite any authority in support of this proposition; therefore, this issue is deemed waived on appeal. Tenn. Ct. Crim. App. R. 10(b); State v. Schaller, 975 S.W.2d 313, 318 (Tenn. Crim. App. 1997).

Next, the defendant argues that the trial court erred in issuing greater sentences than those originally imposed. However, Tennessee Code Annotated section 40-36-106 speaks to the trial court's authority to revoke the previous sentence and resentence the defendant:

> The court shall also possess the power to revoke the sentence imposed at any time due to the conduct of the defendant or the termination or modification of the program to which the defendant has been sentenced, *and the court may resentence the defendant to any appropriate sentencing alternative, including incarceration, for any period of time up to the maximum sentence provided for the offense committed, less any time actually served in any community-based alternative to incarceration.*

Tenn. Code Ann. § 40-36-106(e)(4) (2004) (emphasis added). In the present case, both conviction offenses are Class C felonies, which have Range I penalties of between three and six years. Therefore, the trial court could have resentenced the defendant to a maximum effective sentence of twelve years.

The record reflects that, following two community corrections violations, the defendant's original sentence was revoked and he was resentenced to concurrent six-year sentences on the facilitation charges and a consecutive four-year sentence on the aggravated assault conviction, for an effective sentence of ten years. Further, the trial court noted that the defendant was to receive credit for time served and noted that time in the order issued in December 2001. We conclude that the trial court resentenced the defendant within the appropriate range and gave him credit for time served; therefore, the defendant's sentences were issued in compliance with the applicable statutory authority and were not illegal.

In the defendant's final argument, he contends that the trial court was without authority to sentence him to a term that was not a part of the original plea agreement without his consent. However, as aforementioned, the conduct of a defendant is one basis upon which the trial court may revoke a community corrections sentence and "resentence the defendant to any appropriate sentencing alternative," which includes incarceration for any length of time up to the maximum penalty provided for the offense committed less time served. Therefore, when the defendant pled guilty to violating the conditions of his community corrections sentence, he effectively lost the benefit of his plea agreement and became subject to the court's discretion in resentencing. Further, we have previously concluded that the court properly revoked and resentenced the defendant.

Conclusion

We affirm the sentences imposed by the trial court.

_____
JOHN EVERETT WILLIAMS, JUDGE