IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs December 18, 2007

## STATE OF TENNESSEE v. DAWN MARIE HOBBS

**Direct Appeal from the Criminal Court for Sullivan County**
**No. S51, 574     R. Jerry Beck, Judge**

---

**No. E2007-00575-CCA-R3-CD - Filed June 26, 2008**

---

Defendant pled guilty to two counts of identity theft, two counts of fraud, and two counts of theft of property of $500 or less.  The total effective sentence is three years with the manner of service to be determined after a sentencing hearing.  Defendant also pled guilty to two failure to appear charges and was sentenced to two consecutive two year sentences, suspended by agreement. Following the sentencing hearing, the trial court ordered that Defendant serve her three-year sentence incarcerated.  Defendant has appealed arguing that the trial court erred by denying her request for an alternative sentence.  We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, and J. C. MCLIN, JJ., joined.

Stephen M. Wallace, District Public Defender; and Joseph F. Harrison, Assistant Public Defender, Blountville, Tennessee, for the appellant, Dawn Marie Hobbs.

Robert E. Cooper, Jr., Attorney General and Reporter; Benjamin A. Ball, Assistant Attorney General; H. Greeley Wells, District Attorney General; James F. Goodwin, Assistant District Attorney General, for the appellee, the State of Tennessee.

## OPINION

### I.  Background

The State summarized the facts of the case at the guilty plea hearing as follows:

[O]n or about March the 10th of 2005 Arvin Mullins came to the police station to advise that a check had been taken from his checkbook at his bookkeeper's and was cashed at Citizen's Bank on West State Street in Bristol, Sullivan County, Tennessee.  And that was done on February 24, 2005.  The check was written in the

amount of $500. The check was made out to Defendant, Dawn Marie Hobbs, and was cashed by her at the bank.

Officer Paul Ogletree of the Bristol Tennessee Police Department [obtained] a photo [sic] from the bank that was identified by Ms. Linda Harris, who was a bookkeeper for Mr. Mullins, and she identified that photo as the Defendant.

Ms. Harris stated that she had hired [Defendant] to help her after she was released from a hospital stay. Ms. Harris also discovered that one of her own personal checks had been taken and was presented at Eastman Credit Union on Edgemont Avenue, also in Sullivan County, Bristol, Tennessee, on February 21, 2005. That check was made out to Defendant in the amount of $300 and was . . . forged and passed by Defendant.

[O]n or about October 11, 2004 [,] [Defendant] failed to appear in the General Sessions Court of Sullivan County for the purpose of a hearing on a Class A misdemeanor driving on a revoked license case . . . after she had been lawfully released from custody on condition of her subsequent appearance.

[O]n or about January 27, 2006, [Defendant] failed to appear in the Criminal Court for Sullivan County for purpose of an arraignment in the felony identity theft case and forgery case, . . . and her felony failure to appear case, . . . and that [Defendant] failed to appear on that January 27th day after she had been . . . lawfully released from custody on condition of her subsequent appearance.

At the sentencing hearing, Defendant testified that she had a history of drug abuse and had been in two treatment programs. Defendant testified that she used marijuana and methamphetamine but had not used any drugs in over a year. Defendant was indicted on another theft charge that was pending at the time of this hearing. She admitted on cross-examination that she was also on bond for the charges which led to this appeal when this new charge allegedly occurred. Defendant has been placed on probation at least eight separate times and has had probation revoked three times. The presentence report was introduced into evidence.

The trial court stated it, "considers the prior felonies highly significant. The DUIs significant. Then less significant is the numerous other traffic offenses. . . [W]hen you add them all up there's a lot of them . . . Negative factors heavily outweigh any favorable factors." The trial court then denied any alternative sentencing and ordered Defendant to serve the sentence in confinement.

## II. Analysis

This Court's review of the sentence imposed by the trial court is *de novo* with a presumption of correctness. T.C.A. § 40-35-401(d). This presumption is conditioned upon an affirmative showing in the record that the trial judge considered the sentencing principles and all relevant facts and circumstances. State v. Pettus, 986 S.W.2d 540, 543 (Tenn. 1999). If the trial court fails to

comply with the statutory directives, there is no presumption of correctness and our review is *de novo*. State v. Poole, 945 S.W.2d 93, 96 (Tenn. 1997).

The burden is upon the appealing party to show that the sentence is improper. T.C.A. § 40-35-401(d) (2003) Sentencing Commission Comments. Relevant law at the time of the commission of the offenses requires us to consider the following factors in sentencing:

> (1) [t]he evidence, if any, received at the trial and the sentencing hearing; (2) [t]he presentence report; (3) [t]he principles of sentencing and arguments as to sentencing alternatives; (4) [t]he nature and characteristics of the criminal conduct involved; (5) [e]vidence and information offered by the parties on the enhancement and mitigating factors in §§ 40-35-113 and 40-35-114; and (6) [a]ny statement the defendant wishes to make in the defendant's own behalf about sentencing.

T.C.A. § 40-35-210.

Under the Criminal Sentencing Reform Act of 1989, trial judges are encouraged to use alternatives to incarceration. An especially mitigated or standard offender convicted of a Class C, D or E felony is presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary. T.C.A. § 40-35-102(6).

In determining if incarceration is appropriate, a trial court may consider the need to protect society by restraining a defendant having a long history of criminal conduct, the need to avoid depreciating the seriousness of the offense, whether confinement is particularly appropriate to effectively deter others likely to commit similar offenses, and whether less restrictive measures have often or recently been unsuccessfully applied to the defendant. T.C.A. § 40-35-103(1); see also State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

A court may also consider the mitigating and enhancing factors set forth in T.C.A. §§ 40-35-113 and 114 as they are relevant to the § 40-35-103 considerations. T.C.A. § 40-35-210(b)(5); State v. Boston, 938 S.W.2d 435, 438 (Tenn. Crim. App. 1996). Additionally, a court should consider the defendant's potential or lack of potential for rehabilitation when determining if an alternative sentence would be appropriate. T.C.A. § 40-35-103(5); Boston, 938 S.W.2d at 438.

There is no mathematical equation to be utilized in determining sentencing alternatives. Not only should the sentence fit the offense, but it should fit the offender as well. T.C.A. § 40-35-103(2); State v. Batey, 35 S.W.3d 585, 588-89 (Tenn. Crim. App. 2000). Indeed, individualized punishment is the essence of alternative sentencing. State v. Dowdy, 894 S.W.2d 301, 305 (Tenn. Crim. App. 1994). In summary, sentencing must be determined on a case-by-case basis, tailoring each sentence to that particular defendant based upon the facts of that case and the circumstances of that defendant. State v. Moss, 727 S.W.2d 229, 235 (Tenn. 1986).

In the instant case, the trial court denied alternative sentencing based on Defendant's criminal history and her three failures on probation in the past. Defendant's criminal history includes a 1995 DUI conviction, a 1996 conviction for driving on a revoked license, a 1996 conviction for illegal

possession of a controlled substance by a prisoner, a 2003 conviction for DUI and driving on a revoked license, a 2004 conviction for DUI 2nd, and a 2004 conviction for violation of the implied consent law. The trial court was clear in its reasons for denying alternative sentencing laying out these reasons as well as stating, "[n]egative factors heavily outweigh any favorable factors." Under Tennessee Code Annotated section 40-35-103(1) the trial court was justified in denying probation based on Defendant's criminal record and her probation revocations. Accordingly, Defendant is not entitled to relief as to this issue.

## CONCLUSION

For the foregoing reasons, the judgment of the trial court is affirmed.

_____
THOMAS T. WOODALL, JUDGE

-4-