IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

Assigned on Briefs August 19, 2003 (at Knoxville)

## STATE OF TENNESSEE v. LILLIAN ILEENE THORNTON

**Direct Appeal from the Circuit Court for Bedford County**
**No. 15117     Lee Russell, Judge**

_____

**No. M2002-02913-CCA-R3-CD - Filed December 1, 2003**

_____

The defendant pled guilty to forgery and agreed to a sentence of eighteen months, with the manner of service to be determined by the trial court. The trial court denied her request for alternative sentencing based on her lack of potential for rehabilitation and her lack of honesty at the sentencing hearing. The judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and ALAN E. GLENN, JJ., joined.

Donna Leigh Hargrove, District Public Defender, and Curtis H. Gann and Andrew J. Dearing, III, Public Defenders, for the appellant, Lillian Ileene Thornton.

Paul G. Summers, Attorney General and Reporter; Kathy D. Aslinger, Assistant Attorney General; William Michael McCown, District Attorney General; and Michael D. Randles, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The defendant, Lillian Ileene Thornton, pled guilty to forgery (Class E felony) and agreed to accept a sentence of one year and six months as a standard offender. The manner of service of sentence was to be determined at a sentencing hearing. After the sentencing hearing, the trial court denied her any form of alternative sentencing. This appeal timely followed. The defendant contends on appeal that the trial court erred in denying alternative sentencing. The judgment of the trial court is affirmed.

**Facts**

The defendant admitted to creating a document purporting to be a chancery court order. She created a document on her computer in an attempt to annul her marriage. The defendant forged the signature of Chancellor J. B. Cox and Charles Edward Thornton, her husband at the time. The defendant presented the forged document at the driver's license bureau and stated that she wanted to have her name changed on her license. The clerk noticed that the document had many typographical errors and had not been filed in the chancery court. The clerk told the defendant to file the document and return with a certified copy. The defendant walked away and threw the document in the trash can. The clerk retrieved the document and contacted the police. The defendant was arrested and pled guilty to forgery.

The defendant testified at the sentencing hearing that her husband was abusive and would not leave her alone. She said that she could not afford the cost of an actual annulment and her husband would not cooperate, so she created the document herself. The defendant stated that her intent was only to have her name changed on her driver's license.

The record indicates that the defendant has numerous medical problems, including severe degenerative disk disease. She has been prescribed several different types of medications and requires routine visits to the doctor for treatments. She stated that she did not want to be incarcerated, because she was concerned about the level of medical attention she would receive in jail. The trial court denied her request for alternative sentencing.

**Analysis**

The defendant contends on appeal that the trial court erred in denying her alternative sentencing. This Court's review of the sentence imposed by the trial court is *de novo* with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d). This presumption is conditioned upon an affirmative showing in the record that the trial judge considered the sentencing principles and all relevant facts and circumstances. State v. Pettus, 986 S.W.2d 540, 543 (Tenn. 1999). If the trial court fails to comply with the statutory directives, there is no presumption of correctness and our review is *de novo*. State v. Poole, 945 S.W.2d 93, 96 (Tenn. 1997).

The burden is upon the appealing party to show that the sentence is improper. Tenn. Code Ann. § 40-35-401(d), Sentencing Commission Comments. In conducting our review, we are required, pursuant to Tennessee Code Annotated section 40-35-210, to consider the following factors in sentencing:

> (1) [t]he evidence, if any, received at the trial and the sentencing hearing; (2) [t]he presentence report; (3) [t]he principles of sentencing and arguments as to sentencing alternatives; (4) [t]he nature and characteristics of the criminal conduct involved; (5) [e]vidence and information offered by the parties on the enhancement and mitigating factors in §§ 40-35-113 and 40-35-114; and (6) [a]ny statement the defendant wishes to make in the defendant's own behalf about sentencing.

Under the Criminal Sentencing Reform Act of 1989, trial judges are encouraged to use alternatives to incarceration. An especially mitigated or standard offender convicted of a Class C, D, or E felony is presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary. Tenn. Code Ann. § 40-35-102(6). With certain statutory exceptions, probation must be automatically considered by the trial court if the sentence imposed is eight years or less. Tenn. Code Ann. § 40-35-303(a), (b).

In determining if incarceration is appropriate, a trial court should consider the need to protect society by restraining a defendant having a long history of criminal conduct, the need to avoid depreciating the seriousness of the offense, whether confinement is particularly appropriate to effectively deter others likely to commit similar offenses, and whether less restrictive measures have often or recently been unsuccessfully applied to the defendant. Tenn. Code Ann. § 40-35-103(1); see also State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

A court may also consider the mitigating and enhancing factors set forth in Tennessee Code Annotated sections 40-35-113 and -114 as they are relevant to the section 40-35-103 considerations. Tenn. Code Ann. § 40-35-210(b)(5); State v. Boston, 938 S.W.2d 435, 438 (Tenn. Crim. App. 1996). Additionally, a court should consider the defendant's potential or lack of potential for rehabilitation when determining if an alternative sentence would be appropriate. Tenn. Code Ann. § 40-35-103(5); Boston, 938 S.W.2d at 438.

In determining whether to grant or deny probation, a trial court should consider the circumstances of the offense, the defendant's criminal record, the defendant's social history and present condition, the need for deterrence, and the best interest of the defendant and the public. State v. Grear, 568 S.W.2d 285, 286 (Tenn. 1978); State v. Boyd, 925 S.W.2d 237, 244 (Tenn. Crim. App. 1995). The defendant's lack of credibility is also an appropriate consideration and reflects on a defendant's potential for rehabilitation. State v. Nunley, 22 S.W.3d 282, 289 (Tenn. Crim. App. 1999).

There is no mathematical equation to be utilized in determining sentencing alternatives. Not only should the sentence fit the offense, but it should fit the offender as well. Tenn. Code Ann. § 40-35-103(2); State v. Batey, 35 S.W.3d 585, 588-89 (Tenn. Crim. App. 2000). Indeed, individualized punishment is the essence of alternative sentencing. State v. Dowdy, 894 S.W.2d 301, 305 (Tenn. Crim. App. 1994). In summary, sentencing must be determined on a case-by-case basis, tailoring each sentence to that particular defendant based upon the facts of that case and the circumstances of that defendant. State v. Moss, 727 S.W.2d 229, 235 (Tenn. 1986).

The trial court denied the defendant's request for alternative sentencing based on her lack of potential for rehabilitation and her lack of honesty at the sentencing hearing. The trial court found that "her track record for successfully completing periods of time when she has been released into the public is not good." The defendant was convicted of receiving stolen property, a felony offense, in Indiana approximately four or five years prior to committing the current offense. The defendant

was sentenced to six months incarceration and two years probation for that offense. While still on probation in Indiana, she was convicted of sixteen counts of fraudulent use of a credit card and two counts of criminal impersonation in Tennessee. The Tennessee court sentenced the defendant to probation. The defendant absconded from probation and moved out of the state without permission. She remained at large until she was arrested, and her probation was revoked.

In addition to the defendant's inability to comply with the terms of probation, the trial court found that the defendant was not being honest at the sentencing hearing. Concerning the charge in Indiana, the defendant stated that she merely used a forged check that someone else had given her. She testified that she did not forge the signature on the check. The police report indicates that an employee of the restaurant where the check was passed saw the defendant sign the check. Concerning the charges in Tennessee, the defendant testified that she was caught using her daughter's credit card. The record reveals that the defendant had actually obtained credit cards in her daughter's name without her daughter's knowledge and used them as her own. The trial court noted that the defendant was "shading the truth." The court stated that it was "concerned about the magnitude of her medical problems," but found that she could receive adequate treatment while incarcerated.

**Conclusion**

The record adequately supports the trial court's denial of alternative sentencing. Based on the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
JOHN EVERETT WILLIAMS, JUDGE