# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs October 7, 2003

## STATE OF TENNESSEE v. DOMINIC O. WOODS

### Direct Appeal from the Circuit Court for Hardin County
### No. 8171    C. Creed McGinley, Judge

---

### No. W2003-00029-CCA-R3-CD  - Filed December 11, 2003

---

The defendant contends on appeal that the trial court erred in denying alternative sentencing. The defendant pled guilty to possession of crack cocaine (Schedule II controlled substance) with intent to sell (Class B felony). He agreed to an eight-year sentence, with the manner of service to be determined at a sentencing hearing. The trial court ordered the sentence to be served in the Tennessee Department of Correction, based on the defendant's prior criminal record and his inability to reform his conduct. The judgment of the trial court is affirmed.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and NORMA MCGEE OGLE, JJ., joined.

Chadwick G. Hunt, Savannah, Tennessee, for the appellant, Dominic O. Woods.

Paul G. Summers, Attorney General and Reporter; Thomas E. Williams, III, Assistant Attorney General; G. Robert Radford, District Attorney General; and John W. Overton, Chief Deputy District Attorney, for the appellee, State of Tennessee.

### OPINION

The defendant, Dominic O. Woods, pled guilty to possession of over .5 grams of crack cocaine (Schedule II controlled substance) with intent to sell (Class B felony). He agreed to a sentence of eight years as a standard offender, with the manner of service to be determined by the trial court. Following a sentencing hearing, the trial court denied the defendant any form of alternative sentencing and ordered the sentence to be served in the Tennessee Department of Correction. This appeal timely followed. The defendant contends on appeal that the trial court erred in denying alternative sentencing. The judgment of the trial court is affirmed.

**Facts**

The following factual account is taken from the presentence report. The defendant was a passenger in a vehicle that police officers attempted to stop. The vehicle fled, and the officers pursued. During the attempt to stop the vehicle, the defendant was throwing crack cocaine out the door of the vehicle. Some of the crack cocaine fell onto the floorboard of the vehicle. The officers eventually apprehended the suspects. In addition to the cocaine found on the floor, the defendant's mouth was full of marijuana.

**Analysis**

The defendant contends on appeal that the trial court erred in denying him alternative sentencing. This Court's review of the sentence imposed by the trial court is *de novo* with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d). This presumption is conditioned upon an affirmative showing in the record that the trial judge considered the sentencing principles and all relevant facts and circumstances. State v. Pettus, 986 S.W.2d 540, 543 (Tenn. 1999). If the trial court fails to comply with the statutory directives, there is no presumption of correctness and our review is *de novo*. State v. Poole, 945 S.W.2d 93, 96 (Tenn. 1997).

The burden is upon the appealing party to show that the sentence is improper. Tenn. Code Ann. § 40-35-401(d), Sentencing Commission Comments. In conducting our review, we are required, pursuant to Tennessee Code Annotated section 40-35-210, to consider the following factors in sentencing:

> (1) [t]he evidence, if any, received at the trial and the sentencing hearing; (2) [t]he presentence report; (3) [t]he principles of sentencing and arguments as to sentencing alternatives; (4) [t]he nature and characteristics of the criminal conduct involved; (5) [e]vidence and information offered by the parties on the enhancement and mitigating factors in §§ 40-35-113 and 40-35-114; and (6) [a]ny statement the defendant wishes to make in the defendant's own behalf about sentencing.

In determining if incarceration is appropriate, a trial court should consider the need to protect society by restraining a defendant having a long history of criminal conduct, the need to avoid depreciating the seriousness of the offense, whether confinement is particularly appropriate to effectively deter others likely to commit similar offenses, and whether less restrictive measures have often or recently been unsuccessfully applied to the defendant. Tenn. Code Ann. § 40-35-103(1); see also State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

A court may also consider the mitigating and enhancing factors set forth in Tennessee Code Annotated sections 40-35-113 and -114 as they are relevant to the section 40-35-103 considerations. Tenn. Code Ann. § 40-35-210(b)(5); State v. Boston, 938 S.W.2d 435, 438 (Tenn. Crim. App. 1996). Additionally, a court should consider the defendant's potential or lack of potential for rehabilitation

when determining if an alternative sentence would be appropriate. Tenn. Code Ann. § 40-35-103(5); Boston, 938 S.W.2d at 438.

Under the Criminal Sentencing Reform Act of 1989, trial judges are encouraged to use alternatives to incarceration. An especially mitigated or standard offender convicted of a Class C, D, or E felony is presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary. Tenn. Code Ann. § 40-35-102(6). With certain statutory exceptions, probation must be automatically considered by the trial court if the sentence imposed is eight years or less. Tenn. Code Ann. § 40-35-303(b). In determining whether to grant or deny probation, a trial court should consider the circumstances of the offense, the defendant's criminal record, the defendant's social history and present condition, the need for deterrence, and the best interest of the defendant and the public. State v. Grear, 568 S.W.2d 285, 286 (Tenn. 1978); State v. Boyd, 925 S.W.2d 237, 244 (Tenn. Crim. App. 1995). The defendant's lack of credibility is also an appropriate consideration and reflects on a defendant's potential for rehabilitation. State v. Nunley, 22 S.W.3d 282, 289 (Tenn. Crim. App. 1999).

There is no mathematical equation to be utilized in determining sentencing alternatives. Not only should the sentence fit the offense, but it should fit the offender as well. Tenn. Code Ann. § 40-35-103(2); State v. Batey, 35 S.W.3d 585, 588-89 (Tenn. Crim. App. 2000). Indeed, individualized punishment is the essence of alternative sentencing. State v. Dowdy, 894 S.W.2d 301, 305 (Tenn. Crim. App. 1994). In summary, sentencing must be determined on a case-by-case basis, tailoring each sentence to that particular defendant based upon the facts of that case and the circumstances of that defendant. State v. Moss, 727 S.W.2d 229, 235 (Tenn. 1986).

The trial court ordered the defendant's sentence to be served in the Tennessee Department of Correction. The defendant concedes that he is not entitled to the presumption that he is a favorable candidate for alternative sentencing, because he was convicted of a Class B felony. The trial court based its judgment on the defendant's prior criminal record and his inability to reform his conduct. The defendant has been convicted of four drug offenses including casual exchange, simple possession, and two counts of felony cocaine possession. The defendant was given probation on the misdemeanor charges. He was also sentenced to six years of probation on the felony cocaine possession charges. His probation was revoked the following year. He was released a few months later and placed back on probation. He then absconded. The defendant was returned and again failed to report. The record supports the trial court's denial of alternative sentencing.

**Conclusion**

Based on the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
JOHN EVERETT WILLIAMS, JUDGE