# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
December 14, 2004 Session

## STATE OF TENNESSEE v. MICHAEL E. JOHNSON, JR.

### Direct Appeal from the Circuit Court for Williamson County
No. I-10539-A    Russ Heldman, Judge

_____

### No. M2004-01542-CCA-R3-CD - Filed January 21, 2005

_____

The defendant appeals the trial court's denial of probation. The defendant pled guilty to a reduced charge of possession of marijuana for resale and agreed to a six-year sentence as a Range I offender. Following a hearing to determine the manner of service, the trial court denied probation and ordered the defendant to serve his sentence in confinement. Upon careful review, we affirm the trial court's denial of probation; however, we remand the matter for the limited purpose of entry of a corrected judgment.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded for Entry of Corrected Judgment

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which JERRY L. SMITH and NORMA McGEE OGLE, JJ., joined.

John H. Henderson, District Public Defender, and Eugene Honea, Assistant Public Defender, for the appellant, Michael E. Johnson, Jr.

Paul G. Summers, Attorney General and Reporter; Michael Markham, Assistant Attorney General; Ronald L. Davis, District Attorney General; and Derek K. Smith, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

Facts and Procedural History

The defendant, Michael E. Johnson, Jr., was arrested when the vehicle in which he was a passenger was found to contain over two hundred pounds of marijuana. The defendant was indicted, along with the driver of the vehicle ("co-defendant"), on one count of possession of marijuana with the intent to sell or deliver in an amount between seventy and three hundred pounds (a Class B felony). Pursuant to a plea agreement, he received a six-year sentence as a Range I offender on the reduced charge of possession of marijuana for resale. The defendant timely appeals, averring that the trial court erred in denying him probation. Upon careful review, we affirm the sentence imposed by the trial court.

At the sentencing hearing, the defendant testified on his own behalf. On direct examination, he admitted that he had a prior conviction of drug abuse in his home state of Ohio, to which he pled *nolo contendere*. In explaining that incident, he maintained his innocence and testified that he was present in a home that was raided by Alcohol, Tobacco, and Firearms (ATF) agents; he stated he was only charged because no one admitted to owning the drugs. He further admitted that he was on probation for attempted felonious assault when he was charged with drug abuse and that he went to prison three times for violations on the attempted felonious assault charge. Finally, he stated that he was arrested for criminal trespass in 1990, but that he was not on probation or parole at the time of that arrest.

The defendant testified that he neither has a drug problem nor does he use marijuana regularly. He also testified that he has a GED; that he is employed by his father doing landscaping, painting, hauling, and cleaning work; and that he has a two-year-old son who has been diagnosed with heart problems.

When asked about the incident that is the subject of this appeal, the defendant stated that agreeing to go on the trip was a "stupid action." He testified that he had never been to Memphis and just wanted to "get away a little while." The defendant further acknowledged that he knew the amount of marijuana he and his co-defendant picked up was a lot more than forty pounds, but that he could not tell it was two hundred forty pounds. As to what he intended to do with his portion of the marijuana, intended as payment for his travel, he testified that he planned to "give it away . . . or sell it a little bit."

He further stated that he did not think about the consequences of his actions, to whom the drugs were eventually going, or who those drugs would affect:

> No. I never, no . . . I just try to block it out because it's like a nightmare to me. I just try to live day-to-day while I'm locked up. I'm not saying that I never sat back and I didn't dream about getting caught or being successful with the weed or getting it back to Toledo or however you want to put it.

He further stated:

> When we put it in, the first bag was just two [sic] heavy and I knew right then it was just too, you know, just too much. Then he had three more that was just as heavy. That night I couldn't sleep because I knew in my heart that I was going to get caught because it just wasn't setting with me. On the way back to Ohio, I knew we was [sic] going to get caught because it just wasn't setting with me. I had bought a pack of cigarettes. I chain smoked the whole way from Memphis until we got caught because I just had a feeling we was [sic] going to get caught. It was just too much stuff.

Finally, he testified that he decided to transport the drugs back to Ohio with his co-defendant because he did not have any other way home.

Although the State declined cross-examination of the defendant, a closing remark was made to the court in which the State emphasized the defendant's refusal to take responsibility for

his actions. The State noted that the defendant attempted to deflect blame for transporting the drugs because "it was not his marijuana."

In denying probation, the trial court noted the seriousness of the offense, particularly the large amount of drugs that the defendants were carrying. The court further noted that granting probation in this instance would depreciate the seriousness of the offense. Finally, the court made particular note of the defendant's lack of credibility. Specifically, the court stated that the defendant attempted to show that he was "tricked into believing that [he was] going to carry an amount less than what [he] originally believed and that [he was] some sort of a victim of the circumstance. Well, nothing could be further from the truth."

The defendant now timely appeals to this Court, challenging the trial court's denial of probation.

Analysis

A defendant is eligible for probation if the sentence received by the defendant is eight years or less, subject to some statutory exclusions. Tenn. Code Ann. § 40-35-303(a) (2004). A defendant with a total effective sentence in excess of eight years is eligible for probation if the individual sentences imposed for the convictions fall within the probation eligibility requirements. State v. Langston, 708 S.W.2d 830, 832-33 (Tenn. 1986).

An especially mitigated or standard offender convicted of a Class C, D, or E felony is presumed to be a favorable candidate for alternative sentencing in the absence of evidence to the contrary. Tenn. Code Ann. § 40-35-102(6) (2004). A trial court must presume that a defendant sentenced to eight years or less and for whom incarceration is not a priority is subject to alternative sentencing. State v. Byrd, 861 S.W.2d 377, 379-80 (Tenn. Crim. App. 1993). It is further presumed that a sentence other than incarceration would result in successful rehabilitation unless rebutted by sufficient evidence in the record. Id. at 380. However, although a defendant may be presumed to be a favorable candidate for alternative sentencing, the defendant has the burden of establishing suitability for total probation. Tenn. Code Ann. § 40-35-303(b) (2004); State v. Boggs, 932 S.W.2d 467, 477 (Tenn. Crim. App. 1996). Even though probation must be automatically considered, "the defendant is not automatically entitled to probation as a matter of law." Tenn. Code Ann. § 40-35-303(b), Sentencing Commission Comments; State v. Hartley, 818 S.W.2d 370, 373 (Tenn. Crim. App. 1991). A defendant seeking full probation bears the burden on appeal of showing that the sentence imposed is improper and that full probation will be in the best interest of the defendant and the public. State v. Baker, 966 S.W.2d 429, 434 (Tenn. Crim. App. 1997).

In determining whether to grant or deny probation, a trial court should consider the circumstances of the offense, the defendant's criminal record, the defendant's social history and present condition, the need for deterrence, and the best interest of the defendant and the public. State v. Grear, 568 S.W.2d 285, 286 (Tenn. 1978); State v. Boyd, 925 S.W.2d 237, 244 (Tenn. Crim. App. 1995). The defendant's lack of credibility is also an appropriate consideration and

reflects on a defendant's potential for rehabilitation. State v. Nunley, 22 S.W.3d 282, 289 (Tenn. Crim. App. 1999).

Probation may be denied based solely upon the circumstances surrounding the offense. State v. Bingham, 910 S.W.2d 448, 456 (Tenn. Crim. App. 1995) overruled on other grounds; Hartley, 818 S.W.2d at 374. However, the circumstances of the offense as committed must be especially violent, horrifying, shocking, reprehensible, offensive, or otherwise of an excessive or exaggerated degree; and the nature of the offense must outweigh all factors favoring probation. Hartley, 818 S.W.2d at 374-75.

There is no mathematical equation to be utilized in determining sentencing alternatives. Not only should the sentence fit the offense, but it should fit the offender as well. Tenn. Code Ann. § 40-35-103(2) (2004); State v. Batey, 35 S.W.3d 585, 588-89 (Tenn. Crim. App. 2000). Indeed, individualized punishment is the essence of alternative sentencing. State v. Dowdy, 894 S.W.2d 301, 305 (Tenn. Crim. App. 1994). In sum, sentencing must be determined on a case-by-case basis, tailoring each sentence to that particular defendant based upon the facts of that case and the circumstances of that defendant. State v. Moss, 727 S.W.2d 229, 235 (Tenn. 1986).

It is clear from the record that the trial court considered the sentencing principles and all relevant facts and circumstances; therefore, our review is *de novo* with a presumption of correctness. Initially, we note that the defendant has three previous convictions and that he has shown an inability to comply with the terms of probation. We further note the defendant's lack of candor before the court. Although he proceeded on a theory of ignorance regarding the amount of marijuana being transported, he effectively contradicted this theory when he acknowledged, on direct examination, that he observed the transfer of drugs into the vehicle and knew that much more than forty pounds of marijuana was being transferred to him and his co-defendant. He stated that he took the ride "[knowing] we was going to get caught because it just wasn't setting with me . . . It was just too much stuff." Therefore, by his own admission, the defendant knew the volume of marijuana being transferred and knowingly chose to transport the drugs, with his co-defendant, back to Ohio.

We also acknowledge that the large amount of marijuana seized from the defendant may alone be sufficient to overcome the presumption of alternative sentencing if it outweighs all other factors. Hartley, 818 S.W.2d at 374-75; see also State v. Hollingsworth, 647 S.W.2d 937, 939 (Tenn. 1983) (stating that the court may look beyond the plea agreement to consider the "true nature of the offense committed"). We conclude that two hundred forty-three pounds of marijuana is sufficient to overcome the presumption of probation. Finally, we agree with the trial court that granting probation in this instance, especially considering the amount of contraband involved, would certainly depreciate the seriousness of the offense. We hold that the trial court appropriately analyzed the particular facts of this case, and we agree that the record supports its finding that the defendant is not an appropriate candidate for probation.

<u>Conclusion</u>

Based on the foregoing, we affirm the trial court's denial of probation.  However, we note that the judgment, which reflects that the defendant was convicted of a Class D felony, is in conflict with the transcript of the plea, the plea agreement, and the sentencing hearing, which indicate that the defendant pled to a Class C felony.  As such, we remand this matter to the Williamson County Circuit Court for the limited purpose of entry of a corrected judgment, consistent with the balance of the record.

_____
JOHN EVERETT WILLIAMS, JUDGE