IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs October 25, 2005

## STATE OF TENNESSEE v. COREY DESHAWN ROBINSON

**Direct Appeal from the Criminal Court for Sullivan County**
**No. S48,326     Phyllis H. Miller, Judge**

--------

**No. E2005-00515-CCA-R3-CD - Filed December 15, 2005**

--------

The defendant appeals his sentence of three years confinement after entering a guilty plea to theft of property over $10,000. The defendant contends the trial judge erred in failing to sentence him to full probation or other alternative sentencing. Our review reveals that the trial judge complied with sentencing procedures, and we affirm the sentence.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which DAVID G. HAYES and NORMA MCGEE OGLE, JJ., joined.

Stephen M. Wallace, District Public Defender, and Leslie S. Hale, Assistant Public Defender, for the appellant, Corey Deshawn Robinson.

Paul G. Summers, Attorney General and Reporter; David E. Coenen, Assistant Attorney General; H. Greeley Wells, Jr., District Attorney General; and Teresa Murray-Smith, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

This case involves an appeal by the defendant of his three-year sentence of confinement. The defendant, Corey Deshawn Robinson, pled guilty to the indicted charge of theft of property over $10,000, a Class C Felony. The plea agreement provided that the defendant would be sentenced to three years as a Range I, standard offender and would pay restitution of $13,765.53. The manner of service was reserved for determination by the trial court. At the sentencing hearing, the defendant was sentenced to three years in the Department of Correction. The defendant now appeals his sentence, alleging that the trial court should have granted the defendant probation or other alternative sentencing.

This court's review of the sentence imposed by the trial court is de novo with a presumption of correctness. T. C. A. § 40-35-401(d). This presumption is conditioned upon an affirmative showing in the record that the trial judge considered the sentencing principles and all relevant facts and circumstances. State v. Pettus, 986 S.W.2d 540, 543 (Tenn. 1999). If the trial court fails to comply with the statutory directives, there is no presumption of correctness and our review is de novo. State v. Poole, 945 S.W.2d 93, 96 (Tenn. 1997).

The burden is upon the appealing party to show that the sentence is improper. T. C. A. § 40-35-401(d), Sentencing Commission Comments. In conducting our review, we are required, pursuant to Tennessee Code Annotated section 40-35-210, to consider the following factors in sentencing:

> (1) [t]he evidence, if any, received at the trial and the sentencing hearing; (2) [t]he presentence report; (3) [t]he principles of sentencing and arguments as to sentencing alternatives; (4) [t]he nature and characteristics of the criminal conduct involved; (5) [e]vidence and information offered by the parties on the enhancement and mitigating factors in §§ 40-35-113 and 40-35-114; and (6) [a]ny statement the defendant wishes to make in the defendant's own behalf about sentencing.

Under the Criminal Sentencing Reform Act of 1989, trial judges are encouraged to use alternatives to incarceration. An especially mitigated or standard offender convicted of a Class C, D, or E felony is presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary. T. C. A. § 40-35-102(6).

In determining if incarceration is appropriate, a trial court may consider the need to protect society by restraining a defendant having a long history of criminal conduct, the need to avoid depreciating the seriousness of the offense, whether confinement is particularly appropriate to effectively deter others likely to commit similar offenses and whether less restrictive measures have often or recently been unsuccessfully applied to the defendant. T. C. A. § 40-35-103(1); see also State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

A court may also consider the mitigating and enhancing factors set forth in Tennessee Code Annotated sections 40-35-113 and -114 as they are relevant to the section 40-35-103 considerations. T. C. A. § 40-35-210(b)(5); State v. Boston, 938 S.W.2d 435, 438 (Tenn. Crim. App. 1996). Additionally, a court should consider the defendant's potential or lack of potential for rehabilitation when determining if an alternative sentence would be appropriate. T. C. A. § 40-35-103(5); Boston, 938 S.W.2d at 438.

There is no mathematical equation to be utilized in determining sentencing alternatives. Not only should the sentence fit the offense, but it should fit the offender as well. T. C. A. § 40-35-103(2); State v. Batey, 35 S.W.3d 585, 588-89 (Tenn. Crim. App. 2000). Indeed, individualized punishment is the essence of alternative sentencing. State v. Dowdy, 894 S.W.2d 301, 305 (Tenn. Crim. App. 1994). In summary, sentencing must be determined on a case-by-case basis, tailoring each sentence to that particular defendant based upon the facts of that case and the circumstances of that defendant. State v. Moss, 727 S.W.2d 229, 235 (Tenn. 1986).

The factual background of the offense was summarized at the guilty plea hearing as follows:

> Your Honor, this case began when Detective John Blessing with the Kingsport Police Department was called to the Sam's Club located at Sam Walton Drive in the Blountville area here in Sullivan County, Kingsport, Blountville, regarding thefts from a vender within Sam's. Wireless Retail operates a cell phone business within the Sam's Club. Ben Russell, who was at that time the manager for that organization had employed the defendant, Mr. Robinson, during the months of September 2002 to August 2003. In reviewing accounts there they discovered that Mr. Robinson had been creating false, fake returns and receiving the money from the refunds generated by Sam's Club. He had given Mr. Robinson ---- Mr. Robinson had given a statement to Mr. Russell and upon reviewing with Mr. Blessing the advice of his rights he admitted to creating those false phone numbers and would refund the money to himself and estimated that he had taken approximately $20,000.00. The actual loss is thirteen thousand as stated in the plea agreement, thirteen thousand and some odd monies. Sam's Club has indemnified Wireless to some extent but bears the bulk of the loss.

The trial court had available for consideration at the sentencing hearing the presentence report and the defendant's testimony. The defendant was twenty-seven years of age at the time of the offense. He lived with his girlfriend and their two children in a mobile home on property that belonged to his girlfriend's mother. The defendant did not graduate from high school but had taken the preliminary steps toward obtaining a GED. The defendant is a type A diabetic. He admitted to current alcohol usage. At the time of the sentencing hearing, the defendant was employed at Pizza Hut. The defendant's prior work history was erratic. The defendant admitted having used marijuana and crack cocaine in the past but claimed that his usage had stopped. He said that, in the past, he stole to support his $100-200 per week crack cocaine habit.

All of the defendant's prior convictions were for misdemeanors, but the list was lengthy. Omitting traffic offenses, the record included two criminal trespass convictions and one casual exchange conviction. The defendant had twice been found guilty of violation of probation and also had a charge pending for driving on a revoked license.

The trial judge reviewed the presentence report and heard the defendant's testimony. She then made detailed findings noting the defendant's convictions and observed that the defendant's social history was extremely poor and that he did not lead a responsible life. She noted that his work history was poor.

The trial judge then considered enhancement factors and found three applicable: Under Tennessee Code Annotated section 40-35-114, the defendant has a previous history of criminal convictions or criminal behavior, id. at (2); the defendant has a previous history of unwillingness to comply with the conditions of sentence involving release in the community, id. at (9); and the defendant abused a position of private trust, id. at (16).

-3-

The trial judge found only one mitigating factor applicable; that the defendant's conduct neither caused nor threatened serious bodily injury. T. C. A. § 40-35-113(1). The trial judge gave this factor "the least amount of weight possible." Of non-statutory mitigating factors, the judge gave the defendant credit for his voluntary confession of guilt. The trial judge further found that the defendant lacked genuine remorse for his actions and that the defendant continued to use drugs until October of 2004. After noting that the offense was not a crime of violence, the trial judge found that the defendant had twice before violated probation. The trial judge found that the defendant's medical condition and special needs precluded his placement in the local jail or at Hay House.[1]

Finally, the trial judge stated that the defendant had not demonstrated that full probation would serve the ends of justice for the defendant or the community and proceeded to sentence the defendant to three years in the Department of Correction. It was added that the defendant was to be evaluated for special needs.

Our review of the entire record reveals that the trial judge properly followed the statutory sentencing principles and considered all relevant facts and circumstances. Although the defendant maintains that the trial judge erred in not imposing an alternative sentence, he points to no flaws in the method of review.

> We are mindful that sentencing considerations dictate adherence to the following principles:
> (1) Sentences involving confinement should be based on the following considerations:
>   (A)   Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
>   (B)   Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
>   (C)   Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

T. C. A. § 40-35-103(1).

The defendant herein had a lengthy history of criminal conduct and had proven unsuccessful in complying with previous sentences involving release in the community. Even though the defendant was statutorily eligible for probation, he is not automatically entitled to probation as a matter of law. T. C. A. § 40-35-303(b), Sentencing Commission Comments; State v. Hartley, 818 S.W.2d 370, 373 (Tenn. Crim. App. 1991). In determining whether to grant or deny probation, a trial court should consider the circumstances of the offense, the defendant's criminal record, the defendant's social history and present condition, the need for deterrence and the best interest of both the defendant and the public. State v. Boyd, 925 S.W.2d 237, 244 (Tenn. Crim. App. 1995). The trial judge adhered to these principles and set them out in a thorough fashion. Our review has failed

---

[1] Presumably, Hay House is a half-way house in the local area, utilized for defendants serving alternative sentences.

to find any flaw in the trial judge's sentencing.  There is substantial evidence in the record to support the sentence.  The sentence is therefore affirmed.


_____
JOHN EVERETT WILLIAMS, JUDGE