# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
September 18, 2007 Session

## STATE OF TENNESSEE v. GARY M. CARTER

**Direct Appeal from the Criminal Court for DeKalb County**
**No. 06-114      Leon C. Burns, Jr., Judge**

---

**No. M2006-02341-CCA-R3-CD - Filed February 21, 2008**

---

Defendant, Gary M. Carter, pled guilty to statutory rape, a Class E felony, with the length and manner of service of his sentence to be determined following a sentencing hearing. Defendant received a sentence of two years to be served in split confinement with nine months incarceration followed by four years probation. Defendant argues, on appeal, (1) that the trial court erred in denying full probation and (2) that the trial court abused its discretion in denying judicial diversion and not articulating the reasons on the record. After a thorough review of the record, we affirm the denial of judicial diversion and reverse the imposition of the sentence of nine months incarceration and remand to the trial court for an entry of an amended judgment imposing 7.2 months incarceration followed by four years probation.

**Tenn. R. App. R. 3 Appeal as of Right; Judgment of the**
**Criminal Court Affirmed in Part, Reversed in Part, and Remanded**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which DAVID G. HAYES and JERRY L. SMITH, JJ., joined.

J. Hilton Conger, Smithville, Tennessee, for the Appellant, Gary M. Carter.

Robert E. Cooper, Jr., Attorney General and Reporter; Elizabeth B. Marney, Assistant Attorney General; William E. Gibson, District Attorney General; and William E. Locke, Assistant District Attorney General, for the Appellee, the State of Tennessee

## OPINION

## I. Background

The transcript of the guilty plea submission hearing is not included in the record. *See State v. Keen*, 996 S.W.2d 842, 844 (Tenn. Crim. App. 1999) (observing that "a transcript of a guilty plea hearing is often (if not always) needed in order to conduct a proper review of the sentence imposed.") From the facts available at the sentencing hearing, the offense arose out of an event that occurred on

or around March 6, 2005.  Defendant, at the time of the offense, was fifty-three years old.  The victim, L.C. (the victim will be referred to by her initials), was seventeen.  The victim began staying at Defendant's home at night because her mother worked nights during the week and wanted someone to look after her.  The victim was to help get Defendant's elementary age daughter ready for school as part of the arrangement.  Defendant's wife and the victim's mother worked nights together and Defendant was the victim's school bus driver until 2003.

The incident at issue occurred at Defendant's home.  Initially Defendant denied that anything had happened between the victim and him, but after laboratory results from the TBI crime lab revealed Defendant's semen in the victim's rape kit, he admitted to consensual sex.  Defendant was originally charged with rape, but that charged was dismissed and Defendant pled guilty to statutory rape, with the agreement that sentencing would be determined at a hearing at a later date.  Defendant said he knew the victim was not eighteen when they had sex.

The victim's mother testified at the sentencing hearing and stated that the victim had dropped out of school and was having difficulty keeping employment.  She also testified that the victim had been "moodier" since the incident.  On cross-examination, the victim's mother admitted that before this incident occurred she had been having problems with the victim having boys over while she (the mother) was away from home.

Defendant's wife testified that she and Defendant are still married and will stay married despite this incident.  She testified that Defendant has lost weight and has had trouble sleeping since the incident.  Other character witnesses for Defendant testified and all agreed that while what Defendant did was wrong, he was very remorseful.  At the time of sentencing, Defendant was supervisor of the county landfill.  The county mayor testified that he intended to keep Defendant employed as head of solid waste for the county, but if Defendant were absent for an extended period of time he (the county mayor) would have to replace Defendant.  The presentence report was admitted as evidence and shows that Defendant has maintained constant employment, obtained his GED, does not have a substance abuse problem, and has no prior record.

Defendant read a statement  into the record.  He apologized to L.C., her family, the public, his employer, and his family for his conduct.  He called his behavior "inexcusable" and that he will "regret [it] for the rest of [his] life."

The trial court sentenced Defendant to a two year split confinement sentence with nine months to serve by incarceration and four years probation.

## II.  Analysis

This court's review of the sentence imposed by the trial court is *de novo* with a presumption of correctness.  T.C.A. § 40-35-401(d) (2003).  This presumption is conditioned upon an affirmative showing in the record that the trial judge considered the sentencing principles and all relevant facts and circumstances.  *State v. Pettus*, 986 S.W.2d 540, 543 (Tenn. 1999).  If the trial court fails to

comply with the statutory directives, there is no presumption of correctness and our review is *de novo*. *State v. Poole*, 945 S.W.2d 93, 96 (Tenn. 1997).

The burden is upon the appealing party to show that the sentence is improper. T.C.A. § 40-35-401(d) Sentencing Commission Comments. In conducting our review, we are required, pursuant to Tennessee Code Annotated section 40-35-210, to consider the following factors in sentencing:

> (1) [t]he evidence, if any, received at the trial and the sentencing hearing; (2) [t]he presentence report; (3) [t]he principles of sentencing and arguments as to sentencing alternatives; (4) [t]he nature and characteristics of the criminal conduct involved; (5) [e]vidence and information offered by the parties on the enhancement and mitigating factors in §§ 40-35-113 and 40-35-114; and (6) [a]ny statement the defendant wishes to make in the defendant's own behalf about sentencing.

Under the Criminal Sentencing Reform Act of 1989, trial judges are encouraged to use alternatives to incarceration. An especially mitigated or standard offender convicted of a Class C, D or E felony is presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary. T.C.A. § 40-35-102(6).

In determining if incarceration is appropriate, a trial court may consider the need to protect society by restraining a defendant having a long history of criminal conduct, the need to avoid depreciating the seriousness of the offense, whether confinement is particularly appropriate to effectively deter others likely to commit similar offenses, and whether less restrictive measures have often or recently been unsuccessfully applied to the defendant. T.C.A. § 40-35-103(1); *see also State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991). Additionally, a court should consider the defendant's potential or lack of potential for rehabilitation when determining if an alternative sentence would be appropriate. T.C.A. § 40-35-103(5); *State v. Boston*, 938 S.W.2d 435, 438 (Tenn. Crim. App. 1996).

There is no mathematical equation to be utilized in determining sentencing alternatives. Not only should the sentence fit the offense, but it should fit the offender as well. T.C.A. § 40-35-103(2); *State v. Batey*, 35 S.W.3d 585, 588-89 (Tenn. Crim. App. 2000). Indeed, individualized punishment is the essence of alternative sentencing. *State v. Dowdy*, 894 S.W.2d 301, 305 (Tenn. Crim. App. 1994). In summary, sentencing must be determined on a case-by-case basis, tailoring each sentence to that particular defendant based upon the facts of that case and the circumstances of that defendant. *State v. Moss*, 727 S.W.2d 229, 235 (Tenn. 1986).

*A. Judicial Diversion*

The Defendant claims the trial court abused its discretion by denying Defendant's application for judicial diversion without clearly articulable consideration, stated on the record, of all the criteria required under Tennessee law.

Judicial diversion is a "legislative largess" where a defendant, upon being found guilty or pleading guilty, may complete a diversion program and receive expungement of records and dismissal of the charges. *State v. Schindler*, 986 S.W.2d 209, 211 (Tenn. 1999). When a defendant contends that the trial court committed error in refusing to impose a sentence pursuant to Tennessee Code Annotated section 40-35-313, commonly referred to as "judicial diversion," this court must determine whether the trial court abused its discretion in failing to sentence pursuant to the statute. *State v. Cutshaw*, 967 S.W.2d 332, 344 (Tenn. Crim. App. 1997); *State v. Bonestel*, 871 S.W.2d 163, 167 (Tenn. Crim. App. 1993), *overruled on other grounds by State v. Hooper*, 29 S.W3d 1, 9 (Tenn. 2000). Judicial diversion is similar to pretrial diversion; however, judicial diversion follows a determination of guilt, and the decision to grant judicial diversion rests with the trial court, not the prosecutor. *State v. Anderson*, 857 S.W.2d 571, 572 (Tenn. Crim. App. 1992). Because we review the decision of granting or denying judicial diversion under an abuse of discretion standard, if the trial court follows the required procedure we must affirm the ruling if any substantial evidence exits to support it. *See Cutshaw*, 967 S.W.2d at 344.

Because Defendant did not include a copy of the guilty plea transcript in the appellate record, we must presume that the action taken by the trial court in the instant case, the denial of judicial diversion, was the correct action. *See Keen*, 996 S.W.2d at 844; *State v. Brandon Shawn Jones*, No. E2003-02050-CCA-R3-CD, 2004 WL 1073810 at *1-2 (Tenn. Crim. App. at Knoxville, April 20, 2004) (No Tenn. R. App. P. 11 filed). Accordingly, Defendant is not entitled to relief as to this issue.

### B. Full Probation

In order to meet the burden for establishing suitability for full probation, a defendant must demonstrate that full probation will serve the ends of justice and the best interests of both the public and the defendant. *State v. Blackhurst*, 70 S.W.3d 88, 97 (Tenn. 2001). The following shall be accorded weight when deciding the defendant's suitability for full probation:

> (1) the nature and circumstances of the criminal conduct involved; (2) the defendant's potential or lack of potential for rehabilitation; (3) whether a sentence of full probation would unduly depreciate the seriousness of the offense; and (4) whether a sentence other than full probation would provide an effective deterrent to others likely to commit similar crimes.

T.C.A. §§ 40-35-103(1)(B), -103(5), -210(b)(4); *See also Blackhurst*, 70 S.W.3d at 97.

In the instant case, Defendant is eligible for full probation because his sentence is eight years or less. T.C.A. § 40-35-303(a) (2003) (For crimes occurring on or after June 7, 2005, a defendant is eligible for full probation if the imposed sentence is ten years or less). Full probation must be automatically considered by the trial court as a sentencing alternative whenever the defendant is eligible; however, just because the defendant is eligible he "is not automatically entitled to probation as a matter of law." T.C.A. § 40-35-303(b), Sentencing Commission Comments. Tennessee Code

Annotated section 40-35-102(6) provides that a Class E felon, such as Defendant, "is presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary." Section 40-35-103(1) gives guidance as to what is considered "evidence to the contrary." That section states that confinement is appropriate if (1) it will protect society by restraining a defendant who has a long history of criminal conduct;" (2) it will "avoid depreciating the seriousness of the offense or [will] provide an effective deterrence to others likely to commit similar offenses;" or (3) "measures least restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant." The Sentencing Commission Comments state that the factors listed above "**must** be considered when confinement is utilized as a sentencing option." T.C.A. § 40-35-103, Sentencing Commission Comments. (emphasis added); *See also State v. Kristi Dance Oakes*, No. E2006-01795-CCA-R3-CD, 2007 WL 2792934, at *10-11 (Tenn. Crim. App., at Knoxville, Sep. 27, 2007) *perm. app. filed* (Nov. 26, 2007).

In *State v. Brandon Shawn Jones*, this Court considered a defendant's claim that the trial court erroneously denied full probation. However, like the instant case, Mr. Jones neglected to include the transcript of the guilt plea. This Court determined that the "facts and circumstances of the offense were important to the trial court's sentencing determination . . . Since we deem the guilty plea proceeding material to be the determination of the issue presented, our proper course of action ordinarily is to *sua sponte* presume the sentence is correct." *Jones*, 2004 WL 1073810 at *1 (citing *Keen*, 996 S.W.2d at 844.) We find Defendant's case to be in accordance with that opinion. The guilty plea proceeding is material to the issue of full probation and because Defendant did not include it in the record before us, we must presume that the sentence imposed by the trial court is correct.

### C. Split Confinement

An error which has affected the substantial right of a defendant may be noticed at any time in the discretion of the appellate court where necessary to do substantial justice. *State v. Taylor*, 992 S.W.2d 941, 944 (Tenn. 1999). "Plain error" or "fundamental error" is recognized under Tenn. R. Crim. P. 52(b). *State v. Adkisson*, 899 S.W.2d 626, 639 (Tenn. Crim. App. 1994). Some errors are so fundamental and pervasive that they require reversal without regard to the facts or circumstances of the particular case. *Delaware v. Van Arsdall*, 475 U.S. 673, 681, 106 S. Ct. 1431, 1436, 89 L. Ed. 2d 674 (1986).

There are five factors which must be present for a court to determine "plain error" exists:

> (a) the record must clearly establish what occurred in the trial court;
> (b) a clear and unequivocal rule of law must have been breached;
> (c) a substantial right of the accused must have been adversely affected;
> (d) the accused did not waive the issue for tactical reasons; and
> (e) consideration of the error is "necessary to do substantial justice."

*State v. Smith*, 24 S.W.3d 274, 282 (Tenn. 2000) (citing *Adkisson*, 899 S.W.2d at 641-42. Complete consideration of all five factors is unnecessary if at least one is absent. *Id*. at 283. Furthermore, the plain error must be such that it probably changed the outcome of the trial. *Adkisson*, 899 S.W.2d at 642.

The trial court sentenced Defendant to a split confinement sentence of two years with nine months to serve. The trial court erred in the imposition of nine months of incarceration. Under Tennessee Code Annotated section 40-35-501(a)(3) and (6) and *State v. John W. Hill*, No. 01C01-9802-CC-00072, 1999 WL 92948, at *1 (Tenn. Crim. App. 1999) (No Tenn. R. App. P. 11 application filed), the period of time ordered to be served in split confinement cannot exceed the defendant's release eligibility date. The release eligibility date for a Range I standard offender receiving a two year sentence is 7.2 months less certain sentence credits. T.C.A. § 40-35-501(c). The record clearly establishes that Defendant was sentenced to nine months, this sentence breached Tennessee Code Annotated section 40-35-501(a)(3) and (6), Defendant's liberty would be restrained longer than permitted by law, the issue was not waived, and consideration of the error is necessary to do substantial justice. Accordingly, we reverse the judgment to the extent Defendant was ordered to serve nine months of incarceration and remand this matter to the trial court to enter an amended judgment setting Defendant's split confinement sentence at 7.2 months. All other portions of the judgment are affirmed.

## CONCLUSION

For the foregoing reasons, the judgment of the trial court is affirmed as to the denial of judicial diversion and full probation. The issue of split confinement is remanded for entry of a corrected judgment consistent with this opinion.

_____
THOMAS T. WOODALL, JUDGE