IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
February 6, 2007 Session

**STATE OF TENNESSEE v. ANTHONY MCKINNIS**

**Direct Appeal from the Circuit Court for Lauderdale County**
**No. 7888     Joseph H. Walker, III, Judge**

---

**No. W2006-00996-CCA-R3-CD  - Filed September 6, 2007**

---

The defendant, Anthony McKinnis, was convicted of the unlawful possession of a controlled substance (marijuana) with the intent to deliver (Class E felony), violation of the open container law (Class C misdemeanor), and the unlawful possession of a weapon (Class C misdemeanor), to wit: a .38 caliber revolver.  He was sentenced to two years of incarceration, with all but 120 days suspended, for the felony conviction and was assessed a fine of $2500.  Additionally, after completion of his incarceration, the defendant was placed on Community Corrections for one year and, if successful, the remainder would be served on probation.  On appeal, he contends that the evidence was insufficient to support his convictions, that the trial court erred in overruling his objection to questioning regarding his employer's prior drug convictions, and that the court erred in sentencing.  After review, we conclude that no error exists, and we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and D. KELLY THOMAS, JR., J., joined.

Robert M. Brannon, Memphis, Tennessee, for the appellant, Anthony McKinnis.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Assistant Attorney General; and Tracey A. Brewer, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Facts and Procedural History

The defendant was convicted of three separate offenses arising from a single incident.  At trial, investigators for the Lauderdale County Drug Task Force testified that they were assigned to locate and arrest an individual named in a drug indictment.  Prior to leaving the police headquarters, one of the investigators looked through a stack of unserved warrants and found one from a different

county for a person with the name of "Anthony McKinnis." While searching for the individual named in the drug indictment, they observed the defendant, Anthony McKinnis, drive past. They followed the defendant and later located his empty vehicle parked at a housing complex. They prepared to leave when one investigator observed the defendant walking from behind a nearby apartment. The officers motioned for him to come to them, and he complied.

The officers told the defendant that he might have an outstanding warrant and requested that he wait with them while they checked. Because the defendant appeared nervous, two officers exited the vehicle and stood beside him to ensure that he would not flee. During this time, one officer looked into the defendant's vehicle and observed an open bottle of beer on the floorboard. The officer then walked to the apartment where the defendant had first been seen and found a small bag of marijuana. The officer continued behind the apartment and found a white plastic bag containing four bottles of beer, a .38 five-shot revolver, three bags of marijuana, a pack of cigarettes, and a package of five cigars. The officer returned to the vehicle and asked an associate to handcuff the defendant. Upon his arrest, the police discovered $3365.00 in the defendant's pocket.

The defendant was transported to jail, and the police learned that there was no arrest warrant for the defendant. The outstanding warrant was for a different person by the same name. The defendant made a statement to police that he was carrying the gun because "all the stuff going on the streets are bad." He said that he got the gun for protection because an individual by the name of Tommy Taylor had recently shot at him seven times. He admitted that the marijuana belonged to him and that he planned to use the cigars to smoke the marijuana. He claimed that the money was, in part, payment for work he had performed and, in part, a down payment for car rims. He explained to the police that his employer required customers to pay for half of their purchases in advance. He claimed he was going to use the money to purchase the rims out of town on the following day.

At trial, the defendant was asked if he was aware that his employer had a felony conviction for delivering more than fifty pounds of marijuana. Defense counsel objected to the relevancy of the question, but it was allowed by the trial court. The court also allowed the State to ask the defendant if he was aware his employer was under surveillance.

The jury convicted the defendant of all the indicted offenses. After a sentencing hearing, he was denied full probation and Community Corrections. He was sentenced to two years of incarceration, with all but 120 days suspended, and was fined $2500.00. After completion of the 120 days in jail, he was to serve the next year on Community Corrections and the remainder of his sentence on supervised probation.

Analysis

First, the defendant contends that the trial court erred in failing to grant his motion to dismiss the charges because of insufficient evidence. Specifically, he argues that the fact that he had 74.7 grams of marijuana contained in four separate bags, a handgun, and $3365.00 in cash was "clearly insufficient for a jury to find that he possessed the marijuana with the intent to deliver it." He said

that no rational trier of fact could find that he possessed the drugs for anything other than his own personal use.

When an accused challenges the sufficiency of the evidence, this court must review the record to determine if the evidence adduced during the trial was sufficient "to support the finding by the trier of fact of guilt beyond a reasonable doubt." Tenn. R. App. P. 13(e). This rule is applicable to findings of guilt predicated upon direct evidence, circumstantial evidence, or a combination of direct and circumstantial evidence. State v. Brewer, 932 S.W.2d 1, 18 (Tenn. Crim. App. 1996).

In determining the sufficiency of the evidence, this court does not reweigh or reevaluate the evidence. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). Nor may this court substitute its inferences for those drawn by the trier of fact from circumstantial evidence. Liakas v. State, 199 Tenn. 298, 305, 286 S.W.2d 856, 859 (1956). To the contrary, this court is required to afford the State the strongest legitimate view of the evidence contained in the record, as well as all reasonable and legitimate inferences which may be drawn from the evidence. State v. Elkins, 102 S.W.3d 578, 581 (Tenn. 2003).

The trier of fact, not this court, resolves questions concerning the credibility of the witnesses, the weight and value to be given the evidence, as well as all factual issues raised by the evidence. Id. In State v. Grace, the Tennessee Supreme Court stated that "[a] guilty verdict by the jury, approved by the trial judge, accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the theory of the State." 493 S.W.2d 474, 476 (Tenn. 1973). Because a verdict of guilt removes the presumption of innocence and replaces it with a presumption of guilt, the accused has the burden in this court of illustrating why the evidence is insufficient to support the verdict returned by the trier of fact. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982); Grace, 493 S.W.2d at 476.

Here, the defendant argues that the evidence was only sufficient to support a finding of simple possession. He acknowledged to police that the drugs, gun, and money were his at the time he was arrested but claimed that he did not possess the drugs with the intent to deliver them to anyone else. He tried to explain that he bought the drugs in a larger quantity because it was less expensive. The State argues that this court has previously concluded that possession for delivery of drugs may be inferred from the presence of large amounts of money in small denominations, loaded guns, and the packaging of drugs in separate plastic bags, which are all present in this case. See State v. Thaddaeus Medford, No. W2002-00226-CCA-R3-CD, 2003 Tenn. Crim. App. LEXIS 914, *30 (Tenn. Crim. App. Oct 21, 2003, at Jackson), perm. app. denied (Tenn. Mar. 22, 2004). A jury in this state, by statute, may infer from "the amount of a controlled substance or substances possessed by an offender, along with other relevant facts surrounding the arrest, that the controlled substance or substances were possessed with the purpose of selling of otherwise dispensing." T.C.A. 39-17-419.

This court has also previously concluded that 49 grams of marijuana packaged in separate bags, less than the 74.7 grams packaged separately here, were a sufficient amount from which a jury could infer possession with intent to deliver despite the fact that the defendant in the previous case also maintained that the drugs were for her personal use. See State v. Dedonnas R. Thomas, W2000-01465-CCA-R3-CD, 2002 Tenn. Crim. App. LEXIS 82, at * 8 (Tenn. Crim. App. Jan. 30, 2002, at Jackson). The quantity of marijuana possessed by the defendant, in conjunction with the method by which it was packaged, in four separate plastic bags, supported a reasonable inference of the defendant's intention to deliver. The defendant's rebuttal in the instant case, as it was in Thomas, is "that inasmuch as consumer bulk purchases of items . . . are commonplace, it was not implausible that he was merely stocking up on marijuana for his personal use. The jury heard the evidence and considered the arguments and inferences offered by the parties. The jury rejected the defendant's theory and arguments, and that is its prerogative." Id. Using the same rationale as in Thomas, we conclude that the evidence was sufficient to support the conviction.

Next, the defendant contends that the trial court erred in overruling his objection to questioning regarding the prior drug conviction of his employer. During cross-examination, the State challenged the defendant's testimony regarding the money found in his possession. The State asked the defendant whether he was aware that his employer had a felony drug conviction for delivering fifty pounds of marijuana. Counsel for the defendant objected to the question based on relevance, but the trial court allowed the question. The defendant contends that the question is inadmissible based on Tennessee Rule of Evidence 402 which states that "evidence which is not relevant is not admissible." Specifically, he argues that whether or not the defendant's employer has a drug conviction for selling marijuana has no bearing on whether the defendant is guilty and that this question prejudiced the outcome of his trial.

The State asserts, and our review of the record reflects, that the defendant failed to include this issue in the motion for new trial. Therefore, this issue is waived. Tenn. R. App. P. 3(e); see State v. Walker, 910 S.W.2d 381, 386 (Tenn. 1995).

Finally, the defendant argues that the trial court erred in sentencing the defendant to two years as a Range I offender, with the requirement that he serve 120 days in jail followed by a year on community corrections before being placed on supervised probation. The defendant first argues that he should have been awarded full probation. A defendant is eligible for probation, subject to certain exceptions, if the sentence imposed is eight years or less.[1] T.C.A. § 40-35-303(a) (2003). A defendant with a total effective sentence in excess of eight years is eligible for probation if the individual sentences imposed for the convictions fall within the probation eligibility requirements. State v. Langston, 708 S.W.2d 830, 832-33 (Tenn. 1986).

---

[1] We note that the defendant was arrested for his offenses on June 6, 2005. At the time he was arrested, the statute made all individuals sentenced to eight years or less eligible for probation. Effective June 7, 2005, one day after his arrest, the statute was amended to make anyone sentenced to ten years or less eligible for probation.

An especially mitigated or standard offender convicted of a Class C, D, or E felony is presumed to be a favorable candidate for alternative sentencing in the absence of evidence to the contrary. Tenn. Code Ann. § 40-35-102(6). A trial court must presume that a defendant sentenced to eight years or less and for whom incarceration is not a priority is subject to alternative sentencing. State v. Byrd, 861 S.W.2d 377, 379-80 (Tenn. Crim. App. 1993). It is further presumed that a sentence other than incarceration would result in successful rehabilitation unless rebutted by sufficient evidence in the record. Id. at 380. However, although a defendant may be presumed to be a favorable candidate for alternative sentencing, the defendant has the burden of establishing suitability for total probation. T.C.A. § 40-35-303(b); State v. Boggs, 932 S.W.2d 467, 477 (Tenn. Crim. App. 1996). Even though probation must be automatically considered, "the defendant is not automatically entitled to probation as a matter of law." T.C.A. § 40-35-303(b), Sentencing Commission Comments; State v. Hartley, 818 S.W.2d 370, 373 (Tenn. Crim. App. 1991). A defendant seeking full probation bears the burden on appeal of showing the sentence imposed is improper and that full probation will be in the best interest of both the defendant and the public. State v. Baker, 966 S.W.2d 429, 434 (Tenn. Crim. App. 1997).

In determining whether to grant or deny probation, a trial court should consider the circumstances of the offense, the defendant's criminal record, the defendant's social history and present condition, the need for deterrence, and the best interest of the defendant and the public. State v. Grear, 568 S.W.2d 285, 286 (Tenn. 1978); State v. Boyd, 925 S.W.2d 237, 244 (Tenn. Crim. App. 1995). The defendant's lack of credibility is also an appropriate consideration and reflects on a defendant's potential for rehabilitation. State v. Nunley, 22 S.W.3d 282, 289 (Tenn. Crim. App. 1999).

Probation may be denied based solely upon the circumstances surrounding the offense. State v. Bingham, 910 S.W.2d 448, 456 (Tenn. Crim. App. 1995); Hartley, 818 S.W.2d at 374. However, the circumstances of the offense as committed must be especially violent, horrifying, shocking, reprehensible, offensive, or otherwise of an excessive or exaggerated degree, and the nature of the offense must outweigh all factors favoring probation. Hartley, 818 S.W.2d at 374-75.

There is no mathematical equation to be utilized in determining sentencing alternatives. Not only should the sentence fit the offense, but it should fit the offender as well. T.C.A. § 40-35-103(2); State v. Batey, 35 S.W.3d 585, 588-89 (Tenn. Crim. App. 2000). Indeed, individualized punishment is the essence of alternative sentencing. State v. Dowdy, 894 S.W.2d 301, 305 (Tenn. Crim. App. 1994). In summary, sentencing must be determined on a case-by-case basis, tailoring each sentence to that particular defendant based upon the facts of that case and the circumstances of that defendant. State v. Moss, 727 S.W.2d 229, 235 (Tenn. 1986).

The defendant points to the fact that he owns a business, supports two children and is expecting a third, has no prior felony record, has successfully completed prior sentences, and has cooperated with police in justifying full probation. The State argues that the defendant's criminal history, though it consists only of misdemeanors, justifies denial of full probation.

The record reveals that less restrictive measures than jail, which have frequently been afforded the defendant, appear to have had no effect because the defendant continued to ignore the law. Further, his denial of responsibility for his crime and his insistence that he only possessed the drugs for personal use, the gun for protection, and the large amount of cash for his employer weighs against his prospects for rehabilitation and also serves as a basis for denial of full probation.

The defendant asks us to consider him a proper candidate for a community correction program having "special needs," pursuant to Tennessee Code Annotated section 40-36-106(c). This provision allows one who would usually be considered unfit for probation due to histories of chronic alcohol, drug abuse, or mental health problems, but whose special needs are treatable and could be served in the community rather than in a correctional institution, to be considered eligible for punishment in the community and avoid jail. The defendant admitted to having a drug problem and to continued drug use after this arrest. The defendant's prior conduct strongly suggests his drug problem is not treatable in an outpatient setting. The defendant has had many opportunities to address his drug problem and has either not sought treatment or treatment has not helped. The court's leniency afforded the defendant in the past has failed to motivate the defendant to abstain from criminal behavior.

We conclude that the trial court properly imposed a period of incarceration. The defendant has a long criminal record, has refused to accept responsibility for his actions, and has acknowledged regular drug use. The court also properly enhanced the defendant's sentence upward to two years. His criminal record outweighed the mitigating factor that his crime neither caused or threatened bodily injury. The sentence imposed by the trial court is affirmed.

Conclusion

Based on the foregoing and the record as a whole, we affirm the judgments of the trial court.

_____
JOHN EVERETT WILLIAMS, JUDGE